IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHELSEA ROMANO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COVELLI ENTERPRISES, INC.,<br><br>Defendant. | Case No. 4:18-cv-434<br><br>COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded |

Plaintiff Chelsea Romano ("Plaintiff"), individually and on behalf of all others similarly situated as a collective action representative, by her attorneys, alleges, upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

## INTRODUCTION

1. Covelli Enterprises, Inc. ("Covelli" or "Defendant"), is the single largest franchisee of Panera Bread and operates more than 260 Panera Bread bakery-cafes in Ohio, Pennsylvania, West Virginia, Kentucky, Florida, and Ontario, Canada. In fiscal year 2015, Defendant's revenue reached around $614.3 million.[1]

2. In each of its stores, Defendant employs a combination of salaried and hourly-paid employees. At the top of the store hierarchy are "General Managers" who oversee and are responsible for day-to-day store operations.

3. Defendant also employs "Assistant Managers,"[2] such as Plaintiff, to work in its stores. Assistant Managers report to, and are lower on the store hierarchy than, the General Manager. Even though they are referred to by Defendant as managers, Assistant Managers are

---

[1] *See* http://wifi.covelli.com/panera/about/; http://www.bizjournals.com/columbus/news/2016/07/29/countdown-here-areohios-biggest-restaurant.html#g6

[2] As used in this Complaint, the term "Assistant Managers" includes all exempt-classified employees below the General Manager level who are or were employed by Defendant during the relevant FLSA statutory period.

not true managers and do not exercise management authority. Instead, among other things, these purported "managers" take customer orders, serve customers, cook food, work the cash register, check inventory, clean the store, and perform other non-managerial duties.

4. Despite the non-managerial nature of their job duties, at all relevant times, Defendant improperly classified Plaintiff and its Assistant Managers as exempt from federal overtime compensation and, in the process, deprived them of overtime wages for hours worked in excess of 40 in a workweek.

5. For much of her employment at Covelli, Plaintiff worked approximately 50-55 hours per week but was not paid proper overtime wages of time and a half for the hours that she worked in excess of 40 hours per week.

6. By the conduct described in this Complaint, Defendant willfully violated the Fair Labor Standards Act by failing to pay its Assistant Managers, including Plaintiff, proper overtime wages as required by law.

7. Plaintiff seeks to recover unpaid wages that Defendant owes her and similarly situated current and former Assistant Managers. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), on behalf of herself and all similarly situated current and former Assistant Managers who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337 and diversity jurisdiction under 28 U.S.C. § 1332.

9. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

11. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391. Defendant is subject to personal jurisdiction in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

*Plaintiff Chelsea Romano*

12. Romano is a resident of Ashburn, Virginia.

13. Romano was an employee of Defendant as an Assistant Manager from approximately September 2014 to August 2016 in Johnstown, Pennsylvania.

14. As an Assistant Manager with Defendant, Romano regularly worked more than 40 hours per week, and frequently worked approximately 50 to 55 hours per week.

15. Pursuant to Defendant's policy and practice, Defendant did not pay Romano proper overtime premiums for hours she worked for its benefit in excess of 40 hours in a workweek.

*Defendant Covelli Enterprises, Inc.*

16. Defendant Covelli Enterprises, Inc. is an Ohio corporation headquartered at 3900 East Market St., Warren, Ohio 44484.

17. Covelli is the single largest Franchisee of Panera Bread and owns and operates more than 260 Panera Bread bakery-cafes in Ohio, Pennsylvania, West Virginia, Kentucky, Florida, and Ontario, Canada, including in this judicial district.

18. Covelli employed Plaintiff and similarly situated current and former Assistant Managers.

19. Covelli had the power to control the terms and conditions of employment for Plaintiff and those similarly situated Assistant Managers, including with respect to their compensation and classification as exempt employees.

20. Covelli is a covered employer within the meaning of the FLSA and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated Assistant Managers.

21. At all times relevant, Covelli maintained control, oversight and direction over Plaintiff and similarly situated Assistant Managers, including with respect to timekeeping, payroll, and other employment practices that applied to them.

22. Covelli applies the same employment policies, practices, and procedures to all Assistant Managers.

23. Covelli classified Plaintiff and other Assistant Managers as exempt.

24. At all times relevant, Covelli's annual gross volume of sales made or business done was not less than $500,000.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated Assistant Managers whom Covelli classified as exempt from overtime requirements, who worked more than 40 hours a week for Defendant at any time between February 22, 2015, and the date of final judgment in this matter, and who elect to join this action (the "FLSA Collective").

26. Plaintiff and the FLSA Collective are similarly situated in that they had substantially similar job duties and were subject to Defendant's common compensation policies, patterns, and/or practices, including without limitation Defendant's misclassification of Assistant Managers as exempt from the protections of the FLSA.

27. Covelli is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective. There are many similarly situated current and former Assistant Managers who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

**COMMON FACTUAL ALLEGATIONS**

28. Plaintiff and the members of the FLSA Collective have been victims of a common policy and plan perpetrated by Defendant that has violated their rights under the FLSA by denying them overtime compensation.

29. Upon information and belief, Plaintiff and the members of the FLSA Collective worked more than 40 hours during most weeks in which they worked for Covelli.

30. Upon information and belief, Plaintiff and the members of the FLSA Collective were commonly scheduled to work or actually did work 50 to 55 or more hours per week.

31. Covelli failed to pay Plaintiff and the members of the FLSA Collective overtime compensation for hours they worked over 40 in a workweek.

32. Covelli failed to keep accurate records of the hours that Plaintiff and the members of the FLSA Collective worked.

33. All of the work that Plaintiff and the members of the FLSA Collective have performed has been assigned by Covelli and/or Covelli has been aware of all of the work that Plaintiff and the members of the FLSA Collective performed.

34. Pursuant to a centralized, company-wide policy, pattern, or practice that was authorized, established, promulgated, and/or ratified by its corporate headquarters, Covelli classified Plaintiff and the members of the FLSA Collective as exempt from the overtime protections of the FLSA.

35. Covelli's classification determination of Assistant Managers did not vary depending on the location where Assistant Managers worked.

36. Plaintiff and the members of the FLSA Collective performed the same or similar primary job duties.

37. Plaintiff and the members of the FLSA Collective regularly performed non-managerial customer service duties, including conversing with customers about their experiences, working the cash register, preparing food, and cleaning the restaurant.

5

38. Plaintiff and the members of the FLSA Collective did not have the authority to hire and fire employees.

39. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

  a. willfully failing to pay Plaintiff and the members of the FLSA Collective overtime for hours that they worked in excess of forty (40) hours per workweek;

  b. willfully misclassifying Plaintiff and the members of the FLSA Collective as exempt from the protections of the FLSA; and

  c. willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Defendant.

40. Covelli is aware or should have been aware that federal law required it to pay employees performing non-exempt duties, including Plaintiff and members of the FLSA Collective, an overtime premium for hours worked in excess of forty (40) per workweek.

41. Covelli did not perform a person-by-person analysis of every Assistant Manager's job duties in making its decision to classify all Assistant Managers as exempt.

42. Covelli failed to take steps to ensure that Plaintiff and the FLSA Collective members were correctly classified as exempt employees.

43. Covelli did not study or analyze whether Plaintiff and the FLSA Collective members met the requirements of the exemptions to the FLSA's overtime provisions.

### FIRST CAUSE OF ACTION
**(Fair Labor Standards Act: Unpaid Overtime Wages)**
**(On Behalf of Plaintiff and the FLSA Collective)**

44. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

45. At all relevant times, Plaintiff and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

46. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Covelli.

47. Covelli was an employer of Plaintiff and the FLSA Collective and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

48. At all relevant times, Plaintiff and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

49. Covelli has failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

50. Covelli's violations of the FLSA, as described in this Complaint, have been willful and intentional.

51. Because Covelli's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

52. As a result of Covelli's willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

1. At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court issue such notice, to all persons who are members of the FLSA Collective. Such notice shall inform them that this civil action has

7

      been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied overtime;

2. Unpaid overtime and liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations;

3. An injunction enjoining Defendant from violating the foregoing laws and regulations in the future;

4. Pre-judgment and post-judgment interest;

5. Attorneys' fees and costs of the action, including expert fees;

6. Reasonable incentive award for the named Plaintiff to compensate her for the time she spent attempting to recover wages for other opt-in plaintiffs and for the risks she took in doing so;

7. A declaratory judgment that the practices complained of herein are unlawful; and

8. Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: February 22, 2018

Respectfully submitted,

By: s/Drew Legando
Drew Legando (0084209)
Jack Landskroner (0059227)
LANDSKRONER GRIECO MERRIMAN LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-9000
F. (216) 522-9007
E. drew@lgmlegal.com
   jack@lgmlegal.com

**SHAVITZ LAW GROUP, P.A.**
Gregg Shavitz (*pro hac vice* motion forthcoming)
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
T. (561) 447-8888
F. (561) 447-8831
E. gshavitz@shavitzlaw.com

Michael Palitz (*pro hac vice* motion forthcoming)
830 Third Avenue, 5th Floor
New York, New York
New York, NY 10022
T. (800) 616-4000
E. mpalitz@shavitzlaw.com

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (*pro hac vice* motion forthcoming)
3 Park Avenue, 29th Floor
New York, New York 10016
T. (212) 245-1000
E. jms@outtengolden.com

Sally Abrahamson (*pro hac vice* motion forthcoming)
Lucy Bansal (*pro hac vice* motion forthcoming)
601 Massachusetts Ave NW, Suite 200W
Washington, DC 20001
T. (202) 847-4400
E. sabrahamson@outtengolden.com
   lbansal@outtengolden.com

**Attorneys for Plaintiff and the putative FLSA Collective**

9