# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ERIN E. KIS, on behalf of herself and all others similarly situated,<br><br>               Plaintiff,<br><br>    v.<br><br>COVELLI ENTERPRISES, INC.,<br><br><br>               Defendant. | Case No. 4:18-cv-00054-JG |
| CHELSEA ROMANO, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>    v.<br><br>COVELLI ENTERPRISES, INC.,<br><br>               Defendant. | Case No. 4:18-cv-00434-JG |

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

This Joint Stipulation of Settlement and Release (the "Agreement") is entered into by and between Plaintiffs (as hereinafter defined), the Class and FLSA Collective Members (as hereinafter defined), and Defendant (as hereinafter defined).

## RECITALS

WHEREAS, Plaintiff Erin Kis filed class and collective action litigation against Defendant in January 2018 asserting claims under the Fair Labor Standards Act ("FLSA") and Ohio Minimum Fair Wage Standards Law ("Ohio law");

WHEREAS, Plaintiff Chelsea Romano filed collective action litigation against Defendant in February 2018 asserting claims under the FLSA;

WHEREAS, Plaintiffs Saidah Farrell and Mariah Hall filed class action litigation against Defendant in February 2019, asserting claims under Ohio law in The Court of Common Pleas, Cuyahoga County, Ohio (*Farrell v. Covelli Enterprises Inc.*, CV-19-911857);

WHEREAS, Plaintiffs sought recovery of, among other things, overtime wages, liquidated damages, attorneys' fees, and costs;

1

WHEREAS, Defendant denies Plaintiffs' allegations.  Nonetheless, without admitting or conceding any liability whatsoever, Defendant has agreed to settle the Litigation (as hereinafter defined) on the terms and conditions set forth in this Agreement;

WHEREAS, Class Counsel (as hereinafter defined) has conducted extensive formal discovery including, but not limited to, interviewing Plaintiffs and Class and FLSA Collective Members (as hereinafter defined), and reviewing and analyzing thousands of documents produced by Defendant, and taking and defending depositions;

WHEREAS, Class Counsel has analyzed and evaluated the merits of the claims made against Defendant in the Litigation, and the impact of this Agreement on Plaintiffs and the Class and FLSA Collective Members;

WHEREAS, based upon their analysis and their evaluation of a number of factors, and recognizing the substantial risks of continued litigation with respect to certain claims, including the possibility that the Litigation, if not settled now, might result in a recovery that is less favorable to the Class and FLSA Collective, and that would not occur for several years, or at all, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of the Class and FLSA Collective (as hereinafter defined).

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties (as hereinafter defined) hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1.    DEFINITIONS

The defined terms set forth herein shall have the meanings ascribed to them below.

1.1    **Agreement**.  "Agreement" shall mean this Joint Stipulation of Settlement and Release, and all exhibits hereto.

1.2    **Applicable Workweeks**.  "Applicable Workweeks" shall mean the following, as reflected on Defendant's internal records:  (a) any weeks worked by a Class Member for Defendant as an Assistant Manager at any of Defendant's Panera Bread franchise locations in Ohio from January 9, 2016 through the date this Agreement is executed, except those where paid or unpaid time off excused work for the entire week; and (b) any weeks worked by a FLSA Collective Member for Defendant as an Assistant Manager at any of Defendant's Panera Bread franchise locations from three years prior to the date of the filing of their consent to join form in this Litigation through date this Agreement is executed,.  An Assistant Manager shall be eligible for credit for only one Applicable Workweek for any particular calendar workweek.

1.3    **Assistant Manager**.  "Assistant Manager" shall mean the job title held by Plaintiffs, Class, and FLSA Collective Members during some or all of the Class and Collective Periods.

**1.4**    **Claim Form**.  "Claim Form" shall mean the form provided to Class Members to submit in order to obtain their Individual Settlement Amount pursuant to this Agreement.  Provided, however, that any FLSA Collective Member who is also a Class Member shall not be required to submit a Claim Form.  The Claim Form shall be in the form attached as Exhibit D to this Agreement.

**1.5**    **Claim Form Period**.  "Claim Form Period" shall mean the period of time between the Administrator's mailing of the Claim Form and the Claim Form Deadline.

**1.6**    **Claim Form Deadline**.  "Claim Form Deadline" shall mean the date that is sixty (60) days after the Claims Administrator mails the Claim Forms to Class Members pursuant to Section 2.4 of this Agreement.  If the Claims Administrator re-mails the Claim Form to any individual pursuant to Section 2.4(D) of this Agreement because the first mailing was returned as undeliverable, the Claim Form Deadline for such individuals shall be sixty (60) days after the re-mailing date.  If the Claim Form Deadline falls on a Sunday or holiday, the deadline to return Claims Forms will be the next business day that is not a Sunday or holiday.

**1.7**    **Claimant**.  "Claimant" shall mean any Qualified Class Member who timely submits a valid and complete Claim Form on or before the Claim Form Deadline in accordance with Section 2.4(F) of this Agreement, or a Qualified Class Member whose Claim Form is accepted in accordance with Section 3.4 below, and who has not opted-out of the settlement in accordance with Section 2.5 of this Agreement.  FLSA Collective Members who timely cash their settlement checks are also Claimants.

**1.8**    **Claims Administrator**.  "Claims Administrator" shall mean the entity selected by Plaintiffs and approved by Defendant to provide notice to the Class and FLSA Collective Members and administer payment of the settlement to Class and FLSA Collective Members.  The Parties have preliminarily identified Rust as the Claims Administrator.

**1.9**    **Class; Class Members**.  "Class" shall mean all persons employed by Defendant as Assistant Managers in Ohio anytime between January 9, 2016 and the date this Agreement is executed, except that any individual who timely submitted or submits a valid request for exclusion shall not be included in the Class.  A member of the Class is a "Class Member." All FLSA Collective Members who worked in Ohio during the Class Period are also Class Members.  Plaintiffs will move for class certification in the Court, for settlement purposes only, under Fed. R. Civ. P. 23 in the Plaintiffs' Preliminary Approval and/or Final Approval, and Defendant will not oppose such motion(s).

**1.10**    **Class Counsel**.  "Class Counsel" shall mean Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, New York 10017; Shavitz Law Group, P.A., 951 Yamato Road, Suite 285, Boca Raton, Florida 33431; Wolf Haldenstein, Adler, Freeman & Herz LLP, 270 Madison Avenue, New York, New York 10016; Landskroner Grieco Merriman LLC, 1360 W. 9th Street, Suite 200, Cleveland, Ohio 44113; and Karon LLC, 700 W. St. Clair Ave., Suite 200, Cleveland, Ohio 44113.

1.11    **Court**. "Court" shall mean the United States District Court for the Northern District of Ohio.

1.12    **Class Period**. "Class Period" shall mean: for the Class Members, from January 9, 2017 through the date this Agreement is executed.

1.13    **Collective Period**. "Collective Period" shall mean: for the FLSA Collective Members, from three years prior to the date of the filing of their consent to join form in this Litigation through the date this Agreement is executed

1.14    **Defendant**. "Defendant" shall mean Covelli Enterprises, Inc.

1.15    **Defendant's Counsel**. "Defendant's Counsel" shall mean Ice Miller, LLP ,250 West St., Columbus, Ohio 43215.

1.16    **Effective; Effective Date**. The "Effective Date" is the date on which this Agreement becomes effective, which shall mean one (1) day following the last date the Final Order and Judgment entered by the Court finally approving this Agreement is appealable (30 days after the entry of Judgment), if no appeal is filed. If an appeal is taken, then the Effective Date shall be twenty (20) days after: (i) the date of final affirmance of an appeal of the Final Order and Judgment, or the expiration of the time for a petition for a writ of certiorari to review the Final Order and Judgment and, if certiorari is granted, the date of final affirmance of the Final Order and Judgment following review pursuant to that grant; or (ii) the date of final dismissal of any appeal from the Final Order and Judgment or the final dismissal of any proceeding on certiorari to review the Final Order and Judgment.

1.17    **Fairness Hearing**. "Fairness Hearing" shall mean the hearing on the Motion for Judgment and Final Approval.

1.18    **Final Order and Judgment**. "Final Order and Judgment" shall mean the final Order entered by the Court after the Fairness Hearing approving the settlement and entering Judgment pursuant to this Stipulation and in accordance with Fed. R. Civ. P. 58. A proposed version of the Final Order and Judgment shall be submitted to the Court in the form attached hereto as Exhibit E.

1.19    **FLSA Collective; FLSA Collective Member**. "FLSA Collective" shall mean all persons who joined the *Kis* and *Romano* action by filing consent to join forms and who worked as an Assistant Manager for Defendant during the three years prior to filing their consent to join forms. A member of the FLSA Collective is an "FLSA Collective Member."

1.20    **Individual Settlement Amount**. "Individual Settlement Amount" shall mean the amount offered to each Class Member and/or FLSA Collective Member pursuant to Section 3 of this Agreement. An individual who is both a Class Member and FLSA Collective Member shall be offered one Individual Settlement Amount.

1.21    **Litigation**. "Litigation" shall mean *Kis v. Covelli Enterprises, Inc.*, No. 4:18-cv-00054 (N.D. Ohio); *Romano v. Covelli Enterprises, Inc.*, No. 4:18-cv-00434 (N.D. Ohio); and *Farrell v. Covelli Enterprises, Inc.*, No. CV 19 911857 (Cuyahoga County).

**1.22**  **Maximum Settlement Amount**.  "Maximum Settlement Amount" shall have the meaning defined in Section 3.1 below.

**1.23**  **Named Plaintiffs**.  "Named Plaintiffs" shall mean Erin Kis, Chelsea Romano, Saidah Farrell, and Mariah Hall.

**1.24**  **Net Settlement Fund**.  "Net Settlement Fund" shall mean the remainder of the Settlement Fund after deductions for court-approved attorneys' fees and costs as described in Section 3.2, court-approved service payments to Enhancement Award Plaintiffs as described in Section 3.3, Settlement Administration Expenses, as described in Sections 1.31 and 2.1, any fees associated with investing and liquidating the Settlement Payment as described in Section 3.1(E), and any taxes incurred directly or indirectly as a result of investing the Settlement Payment.  The Net Settlement Fund shall be used to pay all amounts due to Claimants.

**1.25**  **Notices**.  "Notices" shall mean, collectively, the proposed Notice of Settlement of Collective Action Lawsuit and Fairness Hearing (to be distributed to FLSA Collective Members who are not Class Members) which is attached as Exhibit A; the proposed Notice of Settlement of Class Action Lawsuit and Fairness Hearing (to be distributed to Class Members) which is attached as Exhibit B; the proposed Notice of Settlement of Class and Collective Action Lawsuit and Fairness Hearing (to be distributed to Class Members who are also FLSA Collective Members) which is attached as Exhibit C.  The Notices shall advise each Class Member and FLSA Collective Member of his or her Individual Settlement Amount.

**1.26**  **Order Granting Preliminary Approval and FLSA Approval**.  "Order Granting Preliminary Approval and FLSA Approval" shall mean the Order entered by the Court granting, *inter alia*, preliminary approval of the Settlement as to Class Members, final approval of the settlement of the claims of FLSA Collective Members, approval of the manner and timing of providing notice to the Class Members and notice and payment to FLSA Collective Members, and approval of the time period for opt-outs and objections.  A proposed version of the Order Granting Preliminary Approval and FLSA Approval shall be submitted to the Court in the form attached hereto as Exhibit F.

**1.27**  **Parties**.  "Parties" shall refer to the Plaintiffs and Defendant.

**1.28**  **Plaintiffs**.  "Plaintiffs" shall refer to the Named Plaintiffs Erin Kis, Chelsea Romano, Saidah Farrell, and Mariah Hall.

**1.29**  **Qualified Class Member**.  "Qualified Class Member" shall mean a Class Member who does not opt out in the manner prescribed in Section 2.5 of this Agreement.

**1.30**  **Qualified Settlement Fund**.  "Qualified Settlement Fund" or "QSF" shall mean the account established by the Claims Administrator from the Maximum Settlement Amount paid by Defendant.  The QSF will be controlled by the Claims Administrator subject to the terms of this Agreement and the Court's order(s).  Interest, if any, earned on any monies in the QSF will become part of the Net Settlement Fund.

**1.31**    **Settlement**.  The "Settlement" shall mean the settlement embodied in this Agreement, and all exhibits.

**1.32**    **Settlement Administration Expenses**.  "Settlement Administration Expenses" are those expenses incurred and charged by the Claims Administrator in effectuating the Settlement.

**1.33**    **Settlement Fund**.  The "Settlement Fund" shall be the settlement fund created by the payment by Defendant of up to the Maximum Settlement Amount of four million, six hundred and twenty-five thousand dollars and zero cents ($4,625,000.00).

**1.34**    **Unclaimed Funds**.  "Unclaimed Funds" shall mean the aggregate amount of Individual Settlement Amounts not claimed by Collective Members in a timely and valid manner pursuant to Section 3.4 of this Agreement.

**2.**      **APPROVAL AND CLASS NOTICE**

**2.0**     **Stipulation to Certification.**  The Parties stipulate, for settlement purposes only, to certification by the Court of a Fed. R. Civ. P. 23 class as to all overtime wage claims in Ohio encompassed by this Settlement pursuant to state law for the Class Members, and further stipulate, for settlement purposes only, to the final certification by the Court of a collective action as to all overtime claims encompassed by this Settlement pursuant to the FLSA for the FLSA Collective Members.  If for any reason the Court does not approve this stipulation or does not enter a Final Order and Judgment, the preliminary class certification of the Ohio class shall become null and void, and the fact of certification shall not be cited to, used, or admissible in any judicial, administrative, or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural.  The FLSA collective action certification shall remain as it is as of the time of this Agreement.

**2.1**     **Retention of Claims Administrator**.  The Claims Administrator shall be jointly selected by the Parties and shall be responsible for the claims administration process and distributions to Claimants as provided herein, as well as for making any mailings and performing other services as required under this Agreement.  The Parties agree to cooperate with the Claims Administrator and assist it in administering the Settlement.  All Settlement Administration Expenses shall come out of the Settlement Fund.  If the Settlement is not given final approval by the Court and does not become Effective, the Parties shall bear settlement administration fees and costs equally.

**2.2**     **Preliminary Approval by the Court**.  Within ten (10) days of the execution of this Agreement, Plaintiffs will submit to the Court a Motion for an Order Preliminarily Approving the Class Action Settlement ("Preliminary Approval Motion").  In connection with the Preliminary Approval Motion, Plaintiffs will submit to the Court, among other things, (a) a proposed Notice of Settlement of the Collective Action Lawsuit (to be distributed to FLSA Collective Members) which is attached as Exhibit A; a proposed Notice of Settlement of Class Action Lawsuit and Fairness Hearing (to be distributed to Class Members) which is attached as Exhibit B; a proposed Notice of Settlement of Class and Collective Action Lawsuit and Fairness Hearing (to be distributed to Class Members who are also FLSA Collective Members) which is attached as Exhibit C; and (c) a proposed

Order Granting Preliminary Approval and FLSA Approval, which is attached as Exhibit D. The Preliminary Approval Motion will seek approval of the settlement of FLSA Collective Member's claims, the setting of dates for the submission of claim forms, opt-outs, objections, and a Fairness Hearing. Plaintiffs will provide Defendant with a draft of the Preliminary Approval Motion three (3) days before its filing.

2.3 **Final Order and Judgment from the Court**. The Parties will seek to obtain from the Court, as a condition of settlement, a Final Order and Judgment in a form attached as Exhibit E, except that the Parties may mutually agree to changes to the Proposed Final Order and Judgment prior to seeking the Court's final approval of the Settlement. The Proposed Final Order and Judgment will, among other things, (a) enter Judgment in accordance with this Agreement, (b) approve the settlement as fair, adequate, reasonable, and binding on all Qualified Class Members, and all Claimants, (c) dismiss the Litigation with prejudice, (d) enter an order permanently enjoining all Qualified Class Members and Claimants from pursuing and/or seeking to reopen claims that have been released by this Agreement, and (e) incorporate the terms of this Settlement and Release. Plaintiffs will provide Defendant with a draft of the motion seeking the Final Order and Judgment seven (7) days before its filing.

2.4 **Class and Collective Notice and Class Member Claim Forms**

(A) Within 14 calendar days of the date of the Order Granting Preliminary Approval and FLSA Approval, Defendant will provide the Claims Administrator and Class Counsel with a list, in electronic form, of the names, last known addresses, telephone numbers, email addresses, and the Applicable Workweeks worked by all Class Members and FLSA Collective Members ("Notice List"). Within 14 calendar days of the Order Granting Preliminary Approval and FLSA Approval, Defendant shall deposit into the QSF Account the amount of Three Million Seven Hundred and Twenty-Five Thousand Dollars and 00/100 cents ($3,725,000.00), the portion of the Maximum Settlement Amount to be allocated to the settlement of the FLSA collective action claims of FLSA Collective Members, Enhancement Awards, and attorneys' fees and costs associated with same, plus the anticipated amount of Defendant's share of payroll taxes attributable to same.

(B) Prior to mailing the Notices and Claim Forms, the Claims Administrator will update the addresses for those on the Notice List using the National Change of Address database and other available resources deemed suitable by the Claims Administrator.

(C) Within 10 calendar days after receiving the Notice List, or as soon thereafter as practicable, the Claims Administrator shall send the applicable Notice to each Class Member and FLSA Collective Member, as well as the Claim Form appended hereto as Exhibit D to all Class Members, using each member's last known address as provided by Defendant and as updated by Class Counsel or the Claims Administrator. The Notices shall be sent by mail via First Class United States mail, postage prepaid, and electronic mail. FLSA Collective Members do not need to submit a claim form to receive their Individual Settlement Amounts via check. The

7

Claims Administrator shall give the Parties two (2) business days' notice before the Notices are sent out. The Notices/Claim Form shall inform all Class Members and FLSA Collective Members of their rights under this Agreement and of their estimated Individual Settlement Amounts. The Notices mailed to FLSA Collective Members shall also include a check in the amount of each FLSA Collective Member's Individual Settlement Amount. The Claims Administrator shall take all reasonable steps to obtain the correct address of any Class Members and/or FLSA Collective Members for whom the notice is returned by the post office as undeliverable and shall attempt re-mailings as described below. Defendant's Counsel and Class Counsel have the right to make inquiries and receive any information from the Claims Administrator as is necessary to the administration of this Settlement. Class Counsel shall also have the right to contact Class Members and FLSA Collective Members as necessary in order to effectuate this Agreement.

(D)     If any Notices are returned as undeliverable, the Claims Administrator shall forward them to any forwarding addresses provided by the U.S. Postal Service. If no such forwarding address is provided, or if the forwarding address(es) provided return undeliverable, Defendant shall provide social security numbers for the Class Members/FLSA Collective Members whose Notices are returned as undeliverable. The Claims Administrator shall perform skip traces using the Class Member/FLSA Collective Member's social security number to attempt to obtain the most recent addresses for these Class and FLSA Collective Members and re-mail Notice. The Claims Administrator shall, within 10 calendar days after the first mailing of Notice, notify Class Counsel and Defendant's Counsel of the precise date of the end of the Opt-Out Period and Claim Form Period. The Claims Administrator shall send one (1) reminder postcard to all Class Members who have not submitted a Claim Form or requested to be excluded from the settlement. The reminder postcard shall be sent within within thirty (30) days after the initial mailing of the Notices and Claim Forms. The reminder postcard shall contain the language in the form attached to this Agreement as Exhibit G and shall be sent by mail, via First Class United States mail, postage prepaid, and electronic mail.

(E)     The Claims Administrator shall notify Class Members who submit deficient claim forms ("Deficient Claimant(s)") of the deficiency within five (5) business days of receipt. Deficient Claimants will have fifteen (15) days or the remainder of time left in the Claim Form Period, whichever date is later, to cure said deficiencies. Deficiencies that are not cured within fifteen (15) days shall render the Deficient Claimant's claim waived.

(F)     Each Class Member must submit his/her completed Claim Form to the Claims Administrator no later than the Claim Form Deadline in order to be eligible for his or her Individual Settlement Amount. For Claim Forms submitted by mail, the postmark date of the Claim Form mailed by the Claims Administrator to the Class Member and the postmark date of the Claim Form mailed by the Class Member to the Class Administrator shall be deemed the exclusive means for determining whether a Class Member timely submitted his/her Claim Form. In the event that there is no postmark date of the Claim Form being mailed by the Class Member to

8

the Class Administrator, it shall be presumed that the Claim Form was mailed five (5) days prior the Claims Administrator's receipt of the Claim Form, excluding any Sunday or other day for which no postal service was provided. Claim Forms may also be submitted by facsimile, electronic mail, or through the Claims Administrator's case-specific settlement administration website.

(G)     Within ten days following the filing of this Stipulation with the Court, Defendant shall serve upon the appropriate state and federal officials a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1715.

## 2.5     Class Member Opt-Out.

(A)     Any Class Member may request exclusion from the Class by "opting out." Class Members who choose to opt-out of the class must mail a written, signed statement to the Claims Administrator stating that he or she is opting out of the Settlement ("Opt-Out Statement"). The Opt-Out Statement must contain the name of the Class Member to be valid. It must also contain the words "I elect to exclude myself from the Covelli Assistant Manager settlement" or other similar words or language that leads a reasonable person to conclude that the Class Member would like to opt-out. To be effective, such Opt-Out Statements may be sent via First Class United States mail and postmarked within sixty (60) days after the mailing of the Class Notices or may also be submitted by facsimile, electronic mail, or through the Claims Administrator's case-specific settlement administration website.

(B)     If a Class Member submits an unclear Opt-Out Statement, the Claims Administrator shall notify the Class Member of the issue within five (5) business days of receipt. The Class Member shall have fifteen (15) days to cure said issue, at which point his or her attempted opt-out will be rejected if not received. Class Members submitting untimely or unclear Opt-Out Statements shall be bound by the Settlement and its Class Member release but will not be considered Claimants for settlement distribution purposes. If a Class Member submits both a Claim Form and an Opt-Out Statement, the Claim Form will control and the Class Member will be considered a Claimant.

(C)     Plaintiffs shall not opt-out of the Settlement. Plaintiffs' execution of this Stipulation shall signal their agreement to all of the terms of the Settlement.

## 2.6     Objections to Settlement.

(A)     Class Members who wish to present objections to the proposed Ohio state law class action settlement at the Fairness Hearing must first do so in writing. To be considered, such statement must be filed with the Court and served upon all counsel of record by no later than sixty (60) days after the mailing of the Class Notice, which applies notwithstanding any argument regarding non-receipt of the notice. Anyone who fails to file and serve timely written objections in this manner shall be deemed to have waived any objections and shall be foreclosed from making any

9

objection to the Settlement and from filing any appeal from any final approval order issued by the Court.

(B)     An objector to the Ohio state law class action settlement who has filed and served a timely written objection in accordance with Section 2.6(A) also has the right to appear at the Fairness Hearing either in person or through counsel hired by the objector. An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he/she submits his/her written objections. An objector may withdraw his/her objections at any time. No objector may appear at the Fairness Hearing unless he/she has filed a timely objection that complies with the procedures provided in Section 2.6(A). Only Class Members who are Qualified Class Members may object to the Settlement. Any Class Member who has submitted an Opt-Out Statement may not submit objections to the Settlement.

(C)     The Parties may file with the Court written responses to any filed objections at or prior to the Fairness Hearing.

**2.7**     **Claims Administrator Reporting**. After issuing the Notices and Claim Forms, the Claims Administrator shall provide periodic reports to counsel for the Parties with respect to the numbers of individuals submitting timely and valid Claim Forms, deficient Claim Forms, unclear Claim Forms, untimely Claim Forms, Opt-Out Statements, and objections. Within ten (10) calendar days of the close of the Claim Form Deadline, the claims Administrator shall prepare a final list of all Class Members who timely submitted a valid Claim Form and did not opt-out of the settlement, together with copies of the applicable Claim Forms, and provide such information and documents to Class Counsel and Counsel for Defendant. The Claims Administrator will update and supplement this information as necessary.

**2.8**     **Motion for Final Order and Judgment**. No later than seven (7) calendar days before the Fairness Hearing, Plaintiffs will submit a Motion for Judgment and Final Approval. The Fairness Hearing shall be held at the Court's convenience.

**2.9**     **Entry of Judgment**. At the Fairness Hearing, Plaintiffs will request that the Court, among other things, (a) certify the Ohio Rule 23 Class for purposes of settlement only, (b) enter Judgment in accordance with the terms of this Agreement, (c) approve the Ohio Rule 23 Class settlement as fair, adequate, reasonable, and binding on all Qualified Class Members, (d) dismiss the Litigation with prejudice, (e) enter an order permanently enjoining all Qualified Class Members and Claimants from pursuing and/or seeking to reopen claims that have been released by this Agreement, and (f) incorporate the terms of this Settlement and Release.

**2.10**     **Effect of Failure to Grant Final Approval**. In the event the Court fails to enter Judgment in accordance with this Agreement, or such Judgment does not become Final as defined herein, or the Agreement does not become Effective, (i) this Agreement shall have no force or effect; (ii) neither this Agreement, nor any other related papers or orders, nor the negotiations leading to the Settlement, shall be cited to, used, or admissible in any judicial, administrative, or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural; (iii) none of the Parties will be deemed to have waived any

claims, objections, defenses, or arguments with respect to any issue; and (iv) the Litigation will proceed as if no settlement had been attempted.

## 3.    SETTLEMENT TERMS

### 3.1    Settlement Payment.

(A)    Defendant agrees to pay a maximum of $4,625,000.00 (the "Maximum Settlement Amount"), which shall resolve and satisfy all monetary obligations under this Agreement, including all attorneys' fees, litigation costs, Settlement Administration Expenses, payments to Claimants and Qualified Class Members, the employee's share of payroll taxes for Claimants and Qualified Class Members, and all other applicable taxes (except the Defendant's share of applicable payroll taxes) interest, and Enhancement Awards.  Three Million Seven Hundred and Twenty-Five Thousand Dollars and 00/100 cents ($3,725,000.00) of the Maximum Settlement Amount shall be allocated to the settlement of the FLSA collective action claims of FLSA Collective Members, Enhancement Awards to Plaintiffs Erin Kis and Chelsea Romano, and attorneys' fees and costs associated with same. Nine Hundred Thousand Dollars and 00/100 cents ($900,000.00) of the Maximum Settlement Amount shall be allocated to the settlement of the Ohio state law class action for Class Members, Enhancement Awards to Plaintiffs Saidah Farrell and Mariah Hall, and attorneys' fees and costs associated with same.  In addition to the Maximum Settlement Amount, Defendant will pay Defendant's share of all applicable payroll taxes.

(B)     Within 14 calendar days of the Final Approval Order, the Claims Administrator shall notify Defendant of the total amount of Defendant's share of payroll taxes due for the Individual Settlement Amounts due to Qualified Class Members.

(C)    Within 14 calendar days of the Effective Date, Defendant shall deposit into the QSF Account the remaining Nine Hundred Thousand Dollars and 00/100 cents ($900,000.00) of the Maximum Settlement Amount to be allocated to the settlement of the Ohio state law class action for Class Members and attorneys' fees and costs associated with same (less any unapproved attorneys' fees and costs attributable to the Ohio state law class), plus the anticipated amount of Defendant's share of payroll taxes).  Any interest accrued from the QSF Account, net of taxes and any fees associated with investing such amount, shall immediately be added to and become part of the Settlement Fund.

(D)    The Claims Administrator will calculate the final amounts due to each Qualified Class Member as the Individual Settlement Amount and issue checks payable to said Qualified Class Members.  All FLSA Collective Members will receive a settlement check and do not need to submit a Claim Form to receive the settlement check.

11

(E)     Within a reasonable period after the deposit of the funds set forth in Section 3.1(c), the Claims Administrator will distribute the money in the QSF Account by making the following payments:

    (1)     Paying Class Counsel Court-approved attorneys' fees as described in Section 3.2.

    (2)     Reimbursing Class Counsel for all costs and expenses approved by the Court as described in Section 3.2.

    (3)     Paying the Claims Administrator as described in Section 2.1.

    (4)     Paying Enhancement Awards in the amounts described in Section 3.3.

    (5)     Paying Qualified Class Members their Individual Settlement Amounts as described in Section 3.6.

(F)     The Parties agree that the QSF Account is intended to be a "Qualified Settlement Fund" under Section 468B of the Internal Revenue Code of 1986, as amended (the "Code"), 26 U.S.C. Section 468B and Treas. Reg. §1.468B-1, 26 C.F.R § 1.468B-1, *et seq*., and will be administered by the Claims Administrator as such. With respect to the QSF Account, the Claims Administrator shall:  (1) calculate, withhold, remit and report each Claimant's share of applicable payroll taxes (including, without limitation, federal, state and local income tax withholding, FICA, Medicare and any state or local employment taxes), and indemnify Defendant for any penalty arising out of any error or incorrect calculation and/or interest with respect to any late deposit of the same; (2) satisfy all federal, state and local and income and other tax reporting, return and filing requirements with respect to the QSF Account; and (3) satisfy out of the QSF Account all (i) taxes (including any estimated taxes, interest or penalties) with respect to the interest or other income earned by the QSF Account, and (ii) fees, expenses and costs incurred in connection with the opening and administration of the QSF Account and the performance of its duties and functions as described in this Stipulation.  The Claims Administrator will agree to indemnify and hold harmless the Parties for and against any claims or liabilities resulting from errors or omissions in its administration of the QSF Account.

**3.2     Settlement Amounts Payable as Attorneys' Fees and Costs.**

(A)     Prior to the Fairness Hearing, Class Counsel shall petition the Court for attorneys' fees and reimbursement of reasonable litigation costs and expenses from the Settlement Fund.  Class Counsel shall not seek more than one-third of the Settlement Fund in fees, and if approved as requested, the fees shall be proportionally attributed to each Settlement Fund.  Defendant will not oppose such applications provided that Class Counsel has abided by the terms of this Stipulation. Defendant shall have no additional liability for attorneys' fees and costs relating to the Litigation, the Settlement, or any claims released by this Settlement.  In the event the Court awards less than Class Counsel's requested fee, the amount of fees

attributable to the portion of the Settlement Fund allocated for Class Members (*i.e.*, $900,000), shall revert to Defendant and shall not remain part of the Settlement Fund.

    (B)    The substance of Class Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation.  The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Judgment and Final Approval.  Class Counsel shall have the right to appeal the Court's determination with respect to their application for attorneys' fees and costs.  In the event Class Counsel appeals a determination of the Court regarding the application for attorneys' fees and costs, such appeal shall not affect the Effective Date.  The Claims Administrator shall make all distributions required by Section 3.1(D), aside from the amount sought by Class Counsel.  Any additional administration costs caused by such an appeal shall be borne by Class Counsel.  Attorneys' fees and costs sought by Class Counsel but not awarded shall be returned to Defendant.

**3.3**    **Enhancement Award to Plaintiffs.**  Prior to the Fairness Hearing, Class Counsel will apply to the Court for each of the following Named Plaintiffs to receive an Enhancement Award from the Settlement Fund for services rendered to the Class and FLSA Collective: Erin Kis, Chelsea Romano, Saidah Farrell, and Mariah Hall ("Enhancement Award Plaintiffs").  Plaintiffs will apply for the following amounts: Twelve Thousand Five Hundred Dollars ($12,500) each for Plaintiffs Erin Kis and Chelsea Romano, and Two Thousand Five Hundred Dollars ($2,500) each for Plaintiffs Saidah Farrell and Mariah Hall.  Defendant will not oppose such application provided it is made in accordance with the terms of this Stipulation.  The outcome of the Court's ruling on the application for an Enhancement Award shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Judgment and Final Approval.  The amount of Enhancement Awards sought but not awarded shall remain in the Net Settlement Fund.

**3.4**    **Unclaimed Funds.**  Any amount remaining 140 days after the Claims Administrator transmits payment to FLSA Collective Members will be distributed among the FLSA Collective Members who have timely cashed their checks..

**3.5**    **Distribution to Claimants.**

    (A)    The Net Settlement Fund shall be the amount of money remaining from the up to $4,625,000.00 Settlement Fund after deducting (a) attorneys' fees and costs approved by the Court, pursuant to Section 3.2; (b) Enhancement Awards approved by the Court pursuant to Section 3.3; and (c) amounts paid to the Claims Administrator pursuant to Section 2.1.  The Net Settlement Fund shall be allocated as follows:

        (1)    Each Class Member will receive one (1) point for each Applicable Workweek.

    (2)     Each FLSA Collective Member will receive one (1) point for each Applicable Workweek.

    (3)     An individual who is both a Class Member and an FLSA Collective Member will receive only one (1) point for any particular calendar workweek. Any weeks worked by such individual during the Collective Period shall be allocated to that individual from the portion of the Settlement Fund allocated to FLSA Collective Members (*i.e.*, $3,725,000.00).

    (4)     The Net Settlement Fund portion to be allocated to FLSA Collective Members (*i.e.*, the net amount of the $3,725,000.00 fund) will be divided by the aggregate number of points accrued by all of the FLSA Collective Members ("Collective Fund Point Value").

    (5)     Each FLSA Collective Member's total points will be multiplied by the Collective Fund Point Value to determine his or her Individual Settlement Amount.

    (6)     The Net Settlement Fund portion to be allocated to Class Members (*i.e.*, the net amount of the $900,000.00 fund) will be divided by the aggregate number of points accrued by all of the Class Members ("Class Fund Point Value").

    (7)     Each Class Member's total points will be multiplied by the Class Fund Point Value to determine his or her Individual Settlement Amount.

(B)    Funds which are unclaimed by Class Members shall be returned to Defendant by the Claims Administrator.

(C)    Names of Claimants and their allocation amounts shall be kept strictly confidential by the Claims Administrator, which information will not be disclosed except as is necessary to the administration of the settlement. Class Counsel and Defendant's counsel shall have equal access to the names of Claimants and their allocation amounts.

(D)    Defendant and the Claims Administrator shall exchange such information as is necessary and reasonably available for the Claims Administrator and Defendant to make proper tax withholdings and comply with tax reporting obligations as described in Section 3.7.

(E)    Claimants will have one-hundred and twenty (120) calendar days after each check date to redeem their settlement payments.

(F)    Sixty (60) days after the distribution of settlement checks to FLSA Collective Members, the Claims Administrator will provide Class Counsel with a list of any FLSA Collective Members who have not cashed their checks.

(G)     Sixty (60) days after the distribution of settlement checks to Class Members, the Claims Administrator will provide Class Counsel with a list of any Class Members who have not cashed their checks along with those Class Members' contact information.

(H)     Class Members who do not redeem their settlement checks shall remain bound by this Settlement and the Release in Section 3.8(A).

**3.6     Taxability of Settlement Payments.**

(A)     For tax purposes, the payments to Enhancement Award Plaintiffs pursuant to Section 3.3 shall be treated as non-wage compensation.

(B)     For tax purposes, the payments to Plaintiffs and Claimants pursuant to Section 3.6 shall be allocated as follows:  unpaid wages (50% of each settlement payment) and liquidated damages (50% of each settlement payment).  Plaintiffs and Claimants will be exclusively responsible for their own portion of payroll and income taxes on the 50% of each settlement payment that is unpaid wages.  Defendant shall cooperate with the Claims Administrator to timely arrive at an amount equal to the employer's share of the FICA tax and any federal and state unemployment tax due that are traditionally borne by employers, with respect to the amounts treated as wages, which amounts shall be withheld by the Claims Administrator from the applicable wage payments.  The Claims Administrator shall be responsible for making all reporting, deposits, and withholdings with respect to all amounts payable to Claimants required pursuant to any federal, state, or local tax law or regulation hereunder under the EIN of the QSF Account.

(C)     Payments treated as wages pursuant to Sections 3.7(A) and (C) shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the FICA tax, and shall be reported to the IRS and the payee under the payee's name and social security number on an IRS Form W-2.

(D)     Within 10 calendar days following the Effective Date, Class Counsel shall provide the Claims Administrator with a duly completed IRS Form W-9. Payments of attorneys' fees and costs pursuant to Section 3.2 shall be reported by the Claims Administrator on the applicable IRS Form 1099 as required by the Code and shall be made without withholding, provided the Claims Administrator has timely received a duly completed Form W-9 from Class Counsel.

(E)     The Claims Administrator shall handle all tax reporting with respect to the payments made pursuant to this Agreement, and shall report the payments in accordance with applicable law.

**3.7     Release**

(A)     **Release of Claims by Claimants, Qualified Class Members, and FLSA Collective Members.**  Upon the entry of the Final Order and Approval:

15

(1) each Claimant, on his or her behalf, and on behalf of his or her respective current, former and future heirs, assigns, spouses, executors, administrators, agents, and attorneys, shall fully release and discharge Covelli Enterprises, Inc., and their present and former affiliates, divisions, subsidiaries, parents, predecessors, present and former officers, partners, directors, employees, agents, attorneys, shareholders and/or successors, assigns, trustees, heirs, administrators, executors, representatives and/or principals thereof, ("Releasees"), of and from any and all state or federal wage and hour claims that were or, could have been brought based on the specific factual allegations contained in the Litigation that arise from his or her employment as an exempt classified Assistant Manager, that occurred or are alleged to have occurred at any time through the date this Agreement is executed, including without limitation claims for minimum wage payments, overtime compensation, penalties, liquidated damages, interest, attorney's fees or expenses, and further including claims under and the Fair Labor Standards Act , 29 U.S.C. §201, et seq., the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111, et seq., the Ohio Prompt Pay Act, O.R.C. § 4113.15, or any other state statue applicable to where Releasees owned, operated or managed any Panera Bread franchise, whether known or unknown, in law or in equity, that accrued or accrue prior to the date this Agreement is executed;

(2) each Qualified Class Member, on his or her behalf, and on behalf of his or her respective current, former and future heirs, assigns, spouses, executors, administrators, agents, and attorneys, shall fully release and discharge Defendant and Releasees from any and all state wage and hour claims that were or, could have been brought based on the specific factual allegations contained in the Litigation that arise from his or her employment as an exempt classified Assistant Manager, that occurred or are alleged to have occurred at any time through the date this Agreement is executed, including without limitation claims for minimum wage payments, overtime compensation, penalties, liquidated damages, interest, attorney's fees or expenses, and further including claims under the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111, et seq., the Ohio Prompt Pay Act, O.R.C. § 4113.15, or any other state statue applicable to where Releasees owned, operated or managed any Panera Bread franchise, whether known or unknown, in law or in equity, that accrued or accrue prior to the date this Agreement is executed; and

(3) each FLSA Collective Member, on his or her behalf, and on behalf of his or her respective current, former and future heirs, assigns, spouses, executors, administrators, agents, and attorneys, shall fully release and discharge Defendant and Releasees from federal wage and hour claims that were or, could have been brought based on the specific factual allegations contained in the Litigation that arise from his or her employment as an exempt classified Assistant Manager, that occurred or are alleged to have occurred at any time through the date this Agreement is executed, including without limitation claims for minimum wage payments, overtime compensation, penalties, liquidated damages, interest, attorney's fees or expenses, and further including claims under and the Fair Labor Standards Act, 29 U.S.C. §201, whether known or unknown, in law or in equity, that accrued or accrue prior to the date this Agreement is executed.

16

(B)    **General Release of Claims by Enhancement Award Plaintiffs.** In addition, to the maximum extent permitted by law, the Enhancement Award Plaintiffs generally release Defendant and the Releasees from any and all claims, actions, causes of action, lawsuits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, claims, charges, complaints and demands whatsoever, whether in law or equity, known or unknown, which against the Defendant or Releasees the Enhancement Award Plaintiffs and their heirs, executors, administrators, successors, and assigns, ever had, may now have, or hereafter later determine that he has or had upon, or by reason of, any cause or thing whatsoever, including, but not limited to relating to his or her employment or termination of employment, that accrued or accrue prior to the date of the Order Granting Preliminary Approval and FLSA Approval; provided, however, that Enhancement Award Plaintiffs do not waive any right to file an administrative charge with the Equal Employment Opportunity Commission ("EEOC"), subject to the condition that they agree not to seek, or in any way obtain or accept, any monetary award, recovery or settlement therefrom; and further provided, however, that Enhancement Award Plaintiffs do not release any claim for breach of the terms of the Agreement.

(C)    Nothing in this Release shall prohibit or restrict Enhancement Award Plaintiffs, Claimants, or Qualified Class Members from: (i) providing information to or cooperating with Congress, the NLRB, the EEOC, or any other federal, state, or local government, regulatory, or law enforcement agency ("Government Agencies"); (ii) reporting to Defendant's management or directors regarding conduct the employee believes to be in violation of the law or prohibits or restricts the employee from providing information to or cooperating with any Government Agencies; (iii) communicating with any Government Agencies or otherwise participating in any investigation or proceeding that may be conducted by any Government Agency, including providing documents or other information; or (iv) receiving an award for information provided to any Government Agencies other than for charges filed with the EEOC or corresponding state or local agency as set forth above.

(D)    Other than FLSA Collective Members who are also Class Members, Class Members who have not submitted timely and valid Claim Forms will still be bound by the Settlement and the Release in Section 3.8(A) (excluding claims under the FLSA), but will not be entitled to receive payment under the Settlement.

**3.8    No Assignment.** Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

**3.9    Non-Admission.** Defendant has agreed to the terms of Settlement herein without in any way acknowledging any fault or liability, and with the understanding that terms have been reached because this Settlement will (i) avoid the further expense and disruption of Defendant's business due to the pendency and expense of litigation, and (ii) put the

claims in the Litigation finally to rest.  Nothing in this agreement shall be deemed or used as an admission of liability by Defendant, or as an admission that a class should be certified for any purpose other than settlement purposes.

**3.10**  *Farrell* **Action**

Within ten (10) days of the execution of this Agreement, the Parties shall stipulate to the dismissal with prejudice of the *Farrell* action.

**3.11**  **Publicity**

The terms of this Agreement shall remain confidential until the filing of the Preliminary Approval Motion.  Until that Motion is filed, Plaintiffs and Class Counsel agree that they have not and will not discuss, disclose, communicate, or publish the Agreement.  Until the filing of the Preliminary Approval Motion, Class Counsel shall not report the Agreement in any medium or in any publication, shall not post or report anything regarding the Litigation or the Agreement on their website, and shall not contact or respond to inquiries from the press, reporters or general media regarding the fact or terms of the Agreement.  As used herein, "press, reporters, or general media" shall refer to and include newspapers, periodicals, magazines, online publications, and television and radio stations and programs, and any representative of the foregoing.  Upon receipt of any inquiry from the press, reporters or general media, Class Counsel shall response "we have no comment."  Nothing herein shall prevent Class Counsel from communicating with Named Plaintiffs and members of the Class regarding the terms of this Agreement.  Upon the filing of the Preliminary Approval Motion, this publicity provision shall terminate.

**3.12**  **Miscellaneous**

(A)  **Cooperation Between the Parties; Further Acts.**  The Parties shall cooperate fully with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms.  Each of the Parties, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

(B)  **Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

(C)  **Binding Effect.**  This Agreement shall be binding upon the Parties.

(D)  **Arms' Length Transaction; Materiality of Terms.**  The Parties have negotiated all the terms and conditions of this Agreement at arm's length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

18

(E) **Captions.** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

(F) **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

(G) **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Ohio, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

(H) **Continuing Jurisdiction.** The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby. The Court shall not have jurisdiction to modify the terms of the Agreement or to increase Defendant's payment obligations hereunder.

(I) **Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

(J) **When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

(K) **Facsimile/Electronic Signatures.** Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

(L) **Extensions of Time.** If any deadlines related to this Settlement cannot be met, Class Counsel and counsel for Defendant shall meet and confer to reach agreement on any necessary revisions of the deadlines and timetables set forth in this Agreement. In the event that the Parties fail to reach such agreement, any of the

19

Parties may apply to the Court via a noticed motion for modification of the dates and deadlines in this Stipulation.

(M) **Counterparts.** The Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

(N) The Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto; but this Agreement is not designed to and does not create any third party beneficiaries other than third parties that are identified as Releasees in Section 3.8 of this Agreement.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**NAMED PLAINTIFFS:**

DATED: _____,  6/28/2019
2019

By:   Chelsea Romano
Chelsea Romano

DATED: _____,
2019

By:   Erin Kis

DATED: _____,
2019

By:   Saidah Farrell

DATED: _____,
2019

By:   Mariah Hall

**DEFENDANT:**

DATED: _____,
2019

By:   _____
Samuel Covelli
On behalf of Defendant Covelli Enterprises, Inc.

CO\6165760.2

21

# Exhibit A

**U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO**

*Kis v. Covelli Enterprises Inc.*, Case No. 4:18 Civ. 00054
*Romano v. Covelli Enterprises*, Case No. 4:18 Civ. 00434

<u>**NOTICE OF COLLECTIVE ACTION SETTLEMENT**</u>

*A court authorized this notice. This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY. YOU ARE RECEIVING THIS NOTICE BECAUSE YOU WORKED AS AN ASSISTANT MANAGER FOR COVELLI ENTERPRISES, INC. ("COVELLI") AND PREVIOUSLY SUBMITTED A CONSENT TO JOIN THIS CASE, AND YOU ARE ENTITLED TO A PAYMENT FROM A COLLECTIVE ACTION SETTLEMENT.**

**A settlement check payable to you is enclosed. Read this entire Notice before signing and cashing the check.**

**Deadline: The last day to cash the enclosed settlement check is [120 days from mailing]. After that date, the enclosed check will be null and void, and you will no longer be eligible for a payment from the above-captioned action.**

- This Notice is directed to any individual who was employed by Covelli Enterprises, Inc. ("Covelli") as an exempt Assistant Manager ("AM") and previously opted-in to this lawsuit by filing a consent to join the action.

- Former Covelli AMs, who are called the "Plaintiffs," sued Covelli claiming that they and other AMs worked more than 40 hours per week and were not paid overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Law (OMFWSL). Plaintiffs filed the lawsuit as a collective action under the FLSA and a class action under Ohio state law.

- Covelli denies these allegations and believes that AMs were and are properly classified as exempt and received all monies to which they are entitled.

- The Plaintiffs and Covelli agreed to this settlement to avoid the burden, expense, inconvenience, and uncertainty of litigation. The Court has approved this settlement, but has not made any ruling on the merits of the Plaintiffs' claims, and no party has prevailed in this action.

- **A settlement check for $XX, payable to you, is enclosed.** Under the allocation formula created by the settlement, you are being offered the enclosed settlement payment of $_____. This amount is based on the number of weeks in which you worked as an exempt AM from the date that is three (3) years preceding the date you opted-in to this lawsuit through [the date the Joint Stipulation of Settlement and Release is executed] (the "Covered Period"). Based on Covelli's records, your number of workweeks as an AM during the Covered Period is [**XX**].

# BASIC INFORMATION

## 1. WHY AM I RECEIVING THIS NOTICE AND WHAT IS THE CASE ABOUT?

You are receiving this notice because you previously opted in to this lawsuit. This Notice explains the terms of the settlement, your rights, and what claims are being released by AMs who are FLSA Collective Members. FLSA Collective Members are those AMs as described above who worked for Covelli during the Covered Period ("FLSA Collective Members").

The lawsuit is about whether Covelli misclassified AMs as exempt from federal and state overtime laws and failed to pay AMs overtime for hours they worked over 40 in a week. Covelli denies these allegations and maintains that AMs were properly classified as exempt from overtime. The Parties have entered into this settlement to avoid the burden, expense, inconvenience, and uncertainty of litigation.

## 2. WHY IS THIS A CLASS/COLLECTIVE ACTION?

In a class or collective action ("representative action"), one or more people called "class representatives" sue not only for themselves, but on behalf of other people who have similar claims. The people are called "class members" and together are the "class." Similarly, in a collective action, one or more people can seek to represent a "collective" of similarly situated people. The individuals who initiated this action are called the "Plaintiffs." In a representative action, the Plaintiffs ask the court to resolve the issues for everyone in the class and collective.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

## 3. WHAT DOES THE SETTLEMENT PROVIDE?

Covelli has agreed to pay into a settlement fund, a portion of which has been allocated among FLSA Collective Members who qualify for a settlement payment based upon the weeks worked as an AM in the Covered Period. The settlement fund will cover settlement payments to FLSA Collective Members, enhancement awards to Plaintiffs and others for their service in obtaining this settlement, attorneys fees of up to one-third of the settlement fund plus costs, and the costs of the Claims Administrator to facilitate this settlement. Any uncashed checks by FLSA Collective Members will be redistributed to FLSA Collective Members who cashed their checks.

**Checks that are not cashed on or before [insert 120 days from check date] will be null and void.**

## 4. HOW MUCH MONEY AM I RECEIVING AND HOW WAS IT CALCULATED?

Based on the allocation formula that has been approved by the Court, you are receiving a settlement payment of $_____. One-half of the payment will be considered wages and taxes will be withheld from that portion. The other half will be considered non-wage compensation and taxes will not be withheld. Please consult your tax advisor or accountant regarding the taxability of this settlement payment.

The allocation formula takes into account the number of weeks in which you worked as an AM during the Covered Period.  The formal settlement agreement executed by the parties and approved by the Court (the "Settlement Agreement") contains the exact allocation formula.  You may obtain a copy of the Settlement Agreement by following the instructions in Paragraph 8 below.

# HOW YOU GET A PAYMENT

## 5.  HOW DO I GET MY PAYMENT?

A check is enclosed.  All you have to do is sign and cash the settlement check.

## 6.  WHAT AM I GIVING UP BY PARTICIPATING IN THE SETTLEMENT?

By cashing the enclosed check, upon the entry of the Final Order and Approval, you, on behalf of yourself and your current, former and future heirs, assigns, spouses, executors, administrators, agents, and attorneys, will fully release and discharge Covelli Enterprises, Inc., and their present and former affiliates, divisions, subsidiaries, parents, predecessors, present and former officers, partners, directors, employees, agents, attorneys, shareholders and/or successors, assigns, trustees, heirs, administrators, executors, representatives and/or principals thereof, of and from any and all state or federal wage and hour claims that were or, could have been brought based on the specific factual allegations contained in the Litigation and that arise from your employment as an exempt classified Assistant Manager, that occurred or are alleged to have occurred at any time through [the date the Joint Stipulation of Settlement and Release is executed], including without limitation claims for minimum wage payments, overtime compensation, penalties, liquidated damages, interest, attorney's fees or expenses, and further including claims under and the Fair Labor Standards Act , 29 U.S.C. § 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111, *et seq.*, the Ohio Prompt Pay Act, O.R.C. § 4113.15, or any other state statue applicable to where Releasees owned, operated or managed any Panera Bread franchise, whether known or unknown, in law or in equity, that accrued or accrue prior to [the date the Joint Stipulation of Settlement and Release is executed].

# THE LAWYERS REPRESENTING YOU

## 7.  DO I HAVE A LAWYER IN THIS CASE AND HOW WILL THEY BE PAID?

By previously opting into the case, you agreed to have Class Counsel, who are listed in Section 9 below, represent you for all purposes in the lawsuit, and to make decisions on your behalf concerning the litigation and any settlement.  You also acknowledged your understanding that, in the event of any settlement or judgment, Class Counsel would petition the court to award attorneys' fees for the greater of (1) their hourly rates multiplied by the number of hours expended on the lawsuit, or (2) one-third of the gross settlement.  Accordingly, Class Counsel will ask the Court to approve payment of one-third of the total settlement amount for attorneys' fees.  These fees will compensate Class Counsel for the time spent investigating the facts, litigating the case, and negotiating and finalizing the settlement.  Class Counsel will also ask the Court to approve payment for their out-of-pocket costs.  The costs of the Claims Administrator

will also be paid from the settlement fund.

Class Counsel will also ask the Court to approve payments of $30,000 in total to the Plaintiffs, in recognition of the risks they took, the scope of the release they executed, and their service to FLSA Collective Members.

# FOR MORE INFORMATION

| **8.  ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?** |
|---|

This Notice summarizes the proposed settlement.  More details are in the Settlement Agreement.  You are encouraged to read it.  To the extent there is any inconsistency between this Notice and the Settlement Agreement, the provisions in the Settlement Agreement control.  You may obtain a copy of the Settlement Agreement by sending a request, in writing, to:

[Claims Administrator]
Covelli AM Settlement
[insert address]
[insert phone number]]
[insert email]
[insert fax]

| **9.  HOW DO I GET MORE INFORMATION?** |
|---|

If you have other questions about the settlement, you can contact the Claims Administrator, whose contact information in included in Section 8 above, or Class Counsel at the addresses and/or telephone numbers below.

| | |
|---|---|
| **OUTTEN & GOLDEN LLP** | **OUTTEN & GOLDEN LLP** |
| Justin M. Swartz | Sally J. Abrahamson |
| Deirdre A. Aaron | Lucy Bansal |
| 685 Third Ave., 25th floor | Hannah Cole-Chu |
| New York, New York 10017 | 601 Massachusetts Ave NW, Suite 200W |
| T. (212) 245-1000 | Washington, DC 20001 |
| E. CovelliPanera@outtengolden.com | T. (202) 847-4400 |
| | E.CovelliPanera@outtengolden.com |
| | |
| **SHAVITZ LAW GROUP, P.A.** | **SHAVITZ LAW GROUP, P.A.** |
| Gregg Shavitz | Michael Palitz |
| Logan A. Pardell | 830 Third Avenue, 5th Floor |
| 951 Yamato Road, Suite 285 | New York, New York 10022 |
| Boca Raton, Florida 33431 | T. (800) 616-4000 |
| T. (561) 447-8888 | E. mpalitz@shavitzlaw.com |
| E. gshavitz@shavitzlaw.com | |
| E. lpardell@shavitzlaw.com | |

**LANDSKRONER GRIECO
MERRIMAN LLC**
Drew Legando
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-9000
E. drew@lgmlegal.com

**KARON LLC**
Daniel R. Karon
Beau D. Hollowell
700 W. St. Clair Ave., Suite 200
Cleveland, OH 44113
T. (216) 622-1851
E. dkaron@karonllc.com
E. bhollowell@karonllc.com

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
Randall S. Newman
270 Madison Avenue, 10th Fl.
New York, NY 10016
T. (212) 545-4600
E. newman@whafh.com

**Please do not call the Court.**

DATED: _____, 2019

CO\6165090.2

# Exhibit B

**U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO**

*Kis v. Covelli Enterprises Inc.*, Case No. 4:18 Civ. 00054
*Romano v. Covelli Enterprises*, Case No. 4:18 Civ. 00434

<u>NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION
LAWSUIT AND FAIRNESS HEARING</u>

*A court authorized this notice.  This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY.  IF YOU WORKED AS AN ASSISTANT
MANAGER FOR COVELLI ENTERPRISES, INC. ("COVELLI") IN OHIO AT ANY
TIME BETWEEN JANUARY 9, 2016 AND [INSERT DATE], YOU MAY BE ENTITLED
TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

- This Notice pertains to all Covelli Assistant Managers ("AMs") who worked in Ohio between January 9, 2016 and [the date the Joint Stipulation of Settlement and Release is executed] ("the Covered Period").

- Former Covelli AMs, who are called the "Plaintiffs," sued Covelli claiming that they and other AMs worked more than 40 hours per week were not paid overtime wages in violation of the federal Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Law (OMFWSL).  These employees filed the lawsuit as a collective action under the FLSA and a class action under Ohio state law.

- Covelli denies these allegations and believes that AMs were and are properly classified as exempt and received all monies to which they are entitled.

- The Plaintiffs and Covelli agreed to this settlement to avoid the burden, expense, inconvenience, and uncertainty of litigation.  The Court preliminarily approved this settlement, but has not made any ruling on the merits of the Plaintiffs' claims, and no party has prevailed in this action.

- **You are entitled to money from this settlement.**  You have received this Notice because Covelli's records indicate that you worked as an AM during the Covered Period.  Based on Covelli's records, your number of workweeks as an AM during the Covered Period is [XX].  If you submit a properly completed Claim Form & Release ("Claim Form") enclosed with this Notice by [insert deadline], you will receive approximately $XX, less applicable taxes.

By entering into this settlement, Covelli is not waiving any alternative dispute resolution agreements, provisions, or policies with respect to claims not released by the settlement, and preserves its right to enforce class, collective and representative action waivers in any such alternative dispute resolution agreements, or other agreements.

**PLEASE READ THIS NOTICE CAREFULLY AS IT CONTAINS IMPORTANT
INFORMATION ABOUT YOUR LEGAL RIGHTS.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM AND OBTAIN A PAYMENT** | If you wish to participate in the settlement and be eligible to receive a settlement payment, complete and mail back the enclosed "Claim Form" to the Claims Administrator, as discussed in Section 4 below.  The Claim Form must be postmarked by **[Insert Date 60 days from Mailing]**. <br><br> If you choose to participate in the settlement, you will release the claims discussed in Section 6 below. |
| **DO NOTHING** | If you do nothing and the Court grants final approval of the settlement, you will not be eligible to receive a settlement payment.  You will retain your right to file your own legal action against Covelli under federal law, should you choose, assuming that the time period to sue has not expired.  However, you will not retain your right to sue Covelli for any of the Released State and Local Law Claims discussed in Section 6 below. |
| **OPT OUT** | If you do not want to participate in the settlement and want to retain your right to sue Covelli for unpaid wages under state and/or local law, you must submit a written Opt-Out Statement to the Claims Administrator, as discussed in Section 8 below.  If you submit an Opt-Out Statement, you will not be eligible to receive a settlement payment. |
| **OBJECT** | You may write to the Court about why you object to the settlement.  If you submit an Opt-Out Statement, however, you cannot object to the settlement.  More information about objecting is set forth in Section 9 below. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement.  Payments will only be made if and when the Court approves the settlement and after any appeals are resolved.  Please be patient.

# BASIC INFORMATION

## 1.  WHY AM I RECEIVING THIS NOTICE AND WHAT IS THIS CASE ABOUT?

This Notice explains the terms of the settlement, your rights, and what claims are being resolved by AMs who are Class Members.  Class Members are those AMs as described above who worked in Ohio during the Covered Period ("Class Members").  You are receiving this notice because you are a Class Member.

The lawsuit is about whether Covelli misclassified AMs as exempt from federal and state overtime protections and failed to pay AMs overtime for hours they worked over 40 in a week.  A related lawsuit was also filed in Ohio state court in *Farrell v. Covelli Enterprises*, No 19 Civ. 911857 (Cuyahoga Cnty.) as a class action under Ohio state law.  This settlement also resolves the claims in that case.

Covelli denies these allegations and maintains that AMs were properly classified as exempt from overtime.  The Parties have entered into this settlement to avoid the burden, expense, inconvenience, and uncertainty of litigation.

## 2.  WHY IS THIS A CLASS/COLLECTIVE ACTION?

In a class or collective action (or "representative action"), one or more people called "class representatives" sue not only for themselves, but on behalf of other people who have similar claims.  The people are called "class members" and together are the "class."  Similarly, in a collective action, one or more people can seek to represent a "collective" of similarly situated people.  The individuals who initiated this action are called the "Plaintiffs."  In a representative action, the Plaintiffs ask the court to resolve the issues for everyone in the class and collective.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

## 3.  WHAT DOES THE SETTLEMENT PROVIDE?

Covelli has agreed to pay up into a settlement fund, a portion of which will be allocated among current and former AMs who worked in Ohio and qualify for a settlement payment based upon the weeks worked as an AM during the Covered Period.  The settlement fund will cover settlement payments to each person who submits a valid Claim Form, enhancement awards to Plaintiffs and the plaintiffs in *Farrell* for their service in obtaining this settlement, attorneys fees of up to one-third of the settlement fund plus costs, the costs of the Claims Administrator to facilitate this settlement.  Any unclaimed funds by Class Members will remain with Covelli.

## 4.  HOW MUCH MONEY WILL I GET IF I SUBMIT A CLAIM FORM AND HOW WAS IT CALCULATED?

If you submit a Claim Form, you will receive approximately $XX.  One-half of the payment will be considered wages, and taxes will be withheld from that portion.  The other half will be considered non-wage compensation, and taxes will not be withheld.  Please consult your tax advisor or accountant regarding the taxability of this settlement payment.  Class Counsel, set out in Section 15 below, and Covelli's counsel make no representations regarding the taxability of your settlement payment.

If the settlement is approved, the Claims Administrator will deduct from the settlement fund the amounts needed to cover approved attorney's fees, costs, settlement administration expenses, and enhancement awards, and pay claims from the remaining "Net Settlement Fund."

The allocation formula takes into account the number of weeks in which you worked as an AM during the Covered Period  The formal settlement agreement executed by the parties and approved by the Court (the "Settlement Agreement") contains the exact allocation formula.  You may obtain a copy of the Settlement Agreement by following the instructions in Section 14 below.  Payment will only be made if the Court finally approves the settlement, so we do not know exactly when checks will be sent to you.

**Checks that are not cashed within 120 days will be null and void.**

## HOW YOU GET A PAYMENT

| **5.  HOW DO I SUBMIT A CLAIM FORM?** |
|---|

To participate in the settlement and receive a settlement payment, you must return a properly completed Claim Form in the enclosed pre-stamped return envelope, or by facsimile, electronic mail, or through the Claims Administrator's website at this address: [**insert URL**].  The Claim Form must be postmarked or received no later than [**date**].  A Claim Form is included with this Notice.  The Claims Administrator's contact information is:

[Claims Administrator]
Covelli AM Settlement
[insert address]
[insert phone number]
[insert email]
[insert fax]

| **6.  WHAT CLAIMS AM I GIVING UP BY PARTICIPATING IN THE SETTLEMENT?** |
|---|

If you do not exclude yourself, upon the entry of the Final Order and Approval, you, on behalf of yourself and your current, former and future heirs, assigns, spouses, executors, administrators, agents, and attorneys, will fully release and discharge Covelli Enterprises, Inc., and their present and former affiliates, divisions, subsidiaries, parents, predecessors, present and former officers, partners, directors, employees, agents, attorneys, shareholders and/or successors, assigns, trustees, heirs, administrators, executors, representatives and/or principals thereof ("Releasees"), of and from any and all state wage and hour claims that were or, could have been brought based on the specific factual allegations contained in the Litigation and that arise from your employment as an exempt classified Assistant Manager, that occurred or are alleged to have occurred at any time through [the date the Joint Stipulation of Settlement and Release is executed], including without limitation claims for minimum wage payments, overtime compensation, penalties, liquidated damages, interest, attorney's fees or expenses, and further including claims under and the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111, *et seq.*, the Ohio Prompt Pay Act, O.R.C. § 4113.15, or any other state statue applicable to where Releasees owned, operated or managed any Panera Bread franchise, whether known or unknown, in law or in equity, that accrued or accrue prior to [the date the Joint Stipulation of Settlement and Release is executed].  In addition, if you submit a Claim Form, upon entry of the Final Order and Approval, you will also fully release and discharge Defendant and the Releasees from any and all federal wage an hour claims based on the factual allegations contained in the Litigation, including claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, that accrued any time through [the date the Joint Stipulation of Settlement and Release is executed].

## 7.  WHEN WILL I GET MY PAYMENT?

The Court will hold a hearing on _____, at _____ to determine whether to approve the settlement.  If the Court approves the settlement, there may be appeals after that.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Settlement Checks will be issued once the Court approves the Settlement and all appeals have expired.  Please be patient.

# HOW YOU EXCLUDE YOURSELF OR OBJECT

## 8.  HOW CAN I OPT OUT OF THE SETTLEMENT?

If you do not want to receive proceeds from this settlement, you must submit an Opt-Out Statement which specifically states, "I ELECT TO EXCLUDE MYSELF FROM THE COVELLI ASSISTANT MANAGER SETTLEMENT."  The Statement must be mailed to the Claims Administrator listed in Section 4 and be postmarked no later than [**insert date**].  You must include your name, address and telephone number in the Statement.

If you do not affirmatively opt out, you will continue to be a Class Member, and that means that if the settlement is approved, you will receive the amount listed above in Section 4, will release the claims described above in Section 6, and you will be prohibited from bringing or participating in any other cases or arbitrations concerning those claims against Defendant or Releasees.  It also means that all of the Court's orders will apply to you and legally bind you.

## 9.  WHAT IF I HAVE AN OBJECTION TO THE SETTLEMENT?

If you have not opted out of the settlement, you have the right to object to any portion of the settlement with which you disapprove.  The Court will consider your views.  You are not required to submit an objection.  To object to the settlement, you must send a letter to the Court by no later than [**Insert Date 60 Days from Mailing**].  Written objections must contain your name and address, must be signed by you, and must include reference to the matter of *Kis/Romano v. Covelli Enterprises, Inc.*  If you opt out of the settlement, you cannot object to the settlement.  You may mail your objections to:

The Honorable James S. Gwin
Carl B. Stokes United States Court House
801 West Superior Avenue, Courtroom 18A
Cleveland, Ohio 44113-1838

An objector also has the right to appear in person at the Fairness Hearing (explained in Section 11 below), but is not required to do so in order to have their objections considered by the Court.  If you wish to appear at the Fairness Hearing, you must state your intention to do so in your letter to the Court.

## 10.  WHAT'S THE DIFFERENCE BETWEEN OPTING OUT AND OBJECTING?

Objecting is telling the Court that you do not like something about the class settlement and asking the Court not to approve the settlement.  You can object only if you remain a class member.  Opting out is telling the Court that you do not want to be a Class Member.  If you exclude yourself, you have no basis to object because the case no longer affects you.  If you submit both an objection and an exclusion request, the Claims Administrator will attempt to contact you to determine whether you intended to object or exclude yourself.

# THE FAIRNESS HEARING

## 11.  WHEN IS THE FAIRNESS HEARING?

A hearing before the Honorable James Gwin will be held on _____ at _____ am/pm at the U.S. District Court for the Norther District of Ohio (the "Fairness Hearing").  The Court is located at:

Carl B. Stokes United States Court House
801 West Superior Avenue, Courtroom 18A
Cleveland, Ohio 44113-1838

The purpose of this hearing will be for the Court to determine whether the Settlement is fair, adequate, and reasonable and if it should be approved by the Court.  The Court will take into account any objections filed in accordance with the procedures described above.

## 12.  DO I HAVE TO COME TO THE HEARING?

No.  Class Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you returned your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

## 13.  DO I HAVE A LAWYER IN THIS CASE AND HOW WILL THEY BE PAID?

The Court has decided that the lawyers at Outten & Golden LLP, Shavitz Law Group, P.A., Landskroner Greico Merriman LLC , Karon LLC, and Wolf Haldenstein Adler Freeman & Herz LLLP are qualified to represent you and your fellow AMs.  These lawyers are "Class Counsel."  You will not be charged for these lawyers because their fees and costs will be paid from the total settlement fund as approved by the Court.  These fees would compensate Class Counsel for the time incurred in investigating the facts, litigating the case, and negotiating the settlement.  Class Counsel will also ask the Court to approve payment for their out-of-pocket costs.  The costs of the Claims Administrator will also be paid from the settlement fund.  You do not need to retain your own attorney to participate in this settlement.

Class Counsel will also ask the Court to approve service payments of $30,000 in total to the Plaintiffs, in recognition of the risks they took, the scope of the release they executed, and their service to Class Members.

| 14. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT? |
|---|

This Notice summarizes the proposed settlement. More details are in the Settlement Agreement. You are encouraged to read it. To the extent there is any inconsistency between this Notice and the Settlement Agreement, the provisions in the Settlement Agreement control. You may obtain a copy of the Settlement Agreement by sending a request, in writing, to:

[Claims Administrator]
Covelli AM Settlement
[insert address]
[insert phone number]]
[insert email]
[insert fax]

| 15. WHAT IF I HAVE QUESTIONS? |
|---|

This Notice does not contain all of the terms of the proposed settlement or all of the details of these proceedings. For more detailed information, you can contact the Claims Administrator or Class Counsel at:

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Deirdre A. Aaron
685 Third Ave., 25th floor
New York, New York 10017
T. (212) 245-1000
E: PaneraCovelli@outtengolden.com

**OUTTEN & GOLDEN LLP**
Sally J. Abrahamson
Lucy Bansal
Hannah Cole-Chu
601 Massachusetts Ave NW, Suite 200W
Washington, DC 20001
T. (202) 847-4400
E. PaneraCovelli@outtengolden.com

**SHAVITZ LAW GROUP, P.A.**
Gregg Shavitz
Logan A. Pardell
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
T. (561) 447-8888
E. gshavitz@shavitzlaw.com
E. lpardell@shavitzlaw.com

**SHAVITZ LAW GROUP, P.A.**
Michael Palitz
830 Third Avenue, 5th Floor
New York, New York 10022
T. (800) 616-4000
E. mpalitz@shavitzlaw.com

**LANDSKRONER GRIECO**
**MERRIMAN LLC**
Drew Legando
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-9000
E. drew@lgmlegal.com

**KARON LLC**
Daniel R. Karon
Beau D. Hollowell
700 W. St. Clair Ave., Suite 200
Cleveland, OH 44113
T. (216) 622-1851
E. dkaron@karonllc.com
E. bhollowell@karonllc.com

**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
Randall S. Newman
270 Madison Avenue, 10th Fl.
New York, NY 10016
T. (212) 545-4600
E. newman@whafh.com

**Please do not call the Court.**

DATED: _____, 2019

CO\6165104.2

# Exhibit C

## U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

*Kis v. Covelli Enterprises Inc.*, Case No. 4:18 Civ. 00054
*Romano v. Covelli Enterprises*, Case No. 4:18 Civ. 00434

## NOTICE OF PROPOSED SETTLEMENT OF CLASS AND COLLECTIVE ACTION LAWSUIT AND FAIRNESS HEARING

*A court authorized this notice.  This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY.  YOU ARE RECEIVING THIS NOTICE BECAUSE YOU WORKED AS AN ASSISTANT MANAGER FOR COVELLI ENTERPRISES, INC. ("COVELLI") AND PREVIOUSLY SUBMITTED A CONSENT TO JOIN THIS CASE, AND YOU ARE ENTITLED TO A PAYMENT FROM A CLASS AND COLLECTIVE ACTION SETTLEMENT.**

**A settlement check payable to you is enclosed.  Read this entire Notice before signing and cashing the check.**

**Deadline: The last day to cash the enclosed settlement check is [120 days from mailing]. After that date, the enclosed check will be null and void, and you will no longer be eligible for a payment from the above-captioned action.**

- This Notice  is directed to any individual who was employed by Covelli Enterprises, Inc. ("Covelli") as an exempt Assistant Manager ("AM") and previously opted-in to this lawsuit by filing a consent to join the action, and who worked in Ohio between January 9, 2016 and [the date the Joint Stipulation of Settlement and Release is executed].

- Former Covelli AMs, who are called the "Plaintiffs," sued Covelli claiming that they and other AMs worked more than 40 hours per week and were not paid overtime wages in violation of the federal Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Law (OMFWSL).  These employees filed the lawsuit as a collective action under the FLSA and a class action under Ohio state law.  .

- Covelli denies these allegations and believes that AMs were and are properly classified as exempt from overtime and received all monies to which they are entitled.

- The Plaintiffs and Covelli agreed to this settlement to avoid the burden, expense, inconvenience, and uncertainty of litigation.  The Court preliminarily approved this settlement, but the Court has not made any ruling on the merits of the Plaintiffs' claims.

- **A settlement check for $XX, payable to you, is enclosed.**  Under the allocation formula created by the settlement, you are being offered the enclosed settlement payment of $_____.  This amount is based on the number of weeks in which you worked as an exempt AM from the date that is three (3) years preceding the date you opted-in to this lawsuit through [the date the Joint Stipulation of Settlement and Release is executed] (the

"Covered Period").  Based on Covelli's records, your number of workweeks as an AM during the Covered Period is [**XX**].

**PLEASE READ THIS NOTICE CAREFULLY AS IT CONTAINS IMPORTANT INFORMATION ABOUT YOUR LEGAL RIGHTS.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **PARTICIPATE IN THE SETTLEMENT BY CASHING YOUR CHECK** | A check is enclosed with your settlement payment.  All you have to do is sign and cash or deposit the settlement check by [Insert Date 120 Days from Mailing].<br><br>If you sign the check, you will release the claims in Section 5 below. |
| **OPT OUT** | If you do not want to participate in the settlement and want to retain your right to sue Covelli for unpaid wages under state and/or local law, you must submit a written Opt-Out Statement to the Claims Administrator, as described in Section 6 below.  **If cash the enclosed check, you cannot also submit an Opt-Out Statement.** |
| **OBJECT** | You may write to the Court about why you object to the settlement.  If you submit an Opt-Out Statement, however, you cannot object to the settlement.  More information about objecting is set forth in Section 7 below. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

# BASIC INFORMATION

| 1. | WHY AM I RECEIVING THIS NOTICE AND WHAT IS THIS CASE ABOUT? |
|---|---|

You are receiving this notice because you previously opted in to this lawsuit.  This Notice explains the terms of the settlement, your rights, and what claims are being released by AMs who are Class Members and/or FLSA Collective Members.  Class Members are those AMs as described above who worked in Ohio during the Covered Period ("Class Members").  FLSA Collective Members are AMs who worked in any state during the Covered Period ("FLSA Collective Members").  You are receiving this notice because you are a Class Member.  In addition, because you previously submitted a consent to join this lawsuit, you are also a FLSA Collective Member.

The lawsuit is about whether Covelli misclassified AMs as exempt from federal and state overtime protections and failed to pay AMs overtime for hours they worked over 40 in a week.  A related lawsuit was also filed in Ohio state court in *Farrell v. Covelli Enterprises*, No 19 Civ. 911857 (Cuyahoga Cnty.) as a class action under Ohio state law.  This settlement also resolves the claims in that case.  Covelli denies these allegations and maintains that AMs were properly classified as

exempt from overtime.  The Parties have entered into this settlement to avoid the burden, expense, inconvenience, and uncertainty of litigation.

## 2.  WHY IS THIS A CLASS/COLLECTIVE ACTION?

In a class or collective action (or "representative action"), one or more people called "class representatives" sue not only for themselves, but on behalf of other people who have similar claims.  The people are called "class members" and together are the "class."  Similarly, in a collective action, one or more people can seek to represent a "collective" of similarly situated people.  The individuals who initiated this action are called the "Plaintiffs."  In a representative action, the Plaintiffs ask the court to resolve the issues for everyone in the class and collective.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

## 3.     WHAT DOES THE SETTLEMENT PROVIDE?

Covelli has agreed to pay into a settlement fund to be allocated among current and former AMs who qualify for a settlement payment based upon the number of weeks each worked as an AM in the Covered Period.  The settlement fund will cover settlement payments to FLSA Collective Members and Class Members, enhancement awards to Plaintiffs and the *Farrell* plaintiffs for their service in obtaining this settlement, attorneys fees of up to one-third of the settlement fund plus costs, and the costs of the Claims Administrator to facilitate this settlement.  Any uncashed checks by FLSA Collective Members will be redistributed to FLSA Collective Members who cashed their checks.

## 4.     HOW MUCH MONEY WILL I GET?

Based on the allocation formula that has been approved by the Court, you are receiving a settlement payment of $_____.  One-half of the payment will be considered wages, and taxes will be withheld from that portion.  The other half will be considered non-wage compensation, and taxes will not be withheld.  Please consult your tax advisor or accountant regarding the taxability of this settlement payment.  Class Counsel and Covelli's counsel make no representations regarding the taxability of your settlement payment.

The allocation formula takes into account the number of weeks in which you worked as an AM during the Covered Period  The formal settlement agreement executed by the parties and approved by the Court (the "Settlement Agreement") contains the exact allocation formula.  You may obtain a copy of the Settlement Agreement by following the instructions in Section 13 below.

**Checks that are not cashed within 120 days will be null and void.**

## 5.  WHAT CLAIMS AM I GIVING UP BY PARTICIPATING IN THE SETTLEMENT?

If you do not exclude yourself and you cash your check, upon the entry of the Final Order and Approval, you, on behalf of yourself and your current, former and future heirs, assigns, spouses, executors, administrators, agents, and attorneys will fully release and discharge Covelli

Enterprises, Inc., and their present and former affiliates, divisions, subsidiaries, parents, predecessors, present and former officers, partners, directors, employees, agents, attorneys, shareholders and/or successors, assigns, trustees, heirs, administrators, executors, representatives and/or principals thereof, of and from any and all state or federal wage and hour claims that were or, could have been brought based on the specific factual allegations contained in the Litigation and that arise from your employment as an exempt classified Assistant Manager, that occurred or are alleged to have occurred at any time through [the date the Joint Stipulation of Settlement and Release is executed], including without limitation claims for minimum wage payments, overtime compensation, penalties, liquidated damages, interest, attorney's fees or expenses, and further including claims under and the Fair Labor Standards Act , 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111, *et seq.*, the Ohio Prompt Pay Act, O.R.C. § 4113.15, or any other state statue applicable to where Releasees owned, operated or managed any Panera Bread franchise, whether known or unknown, in law or in equity, that accrued or accrue prior to [the date the Joint Stipulation of Settlement and Release is executed].

# HOW YOU EXCLUDE YOURSELF OR OBJECT

## 6.      HOW CAN I OPT OUT OF THE SETTLEMENT?

If you do not want to participate in the settlement, you must submit an Opt-Out Statement which specifically states, "I elect to exclude myself from the Covelli Assistant Manager settlement."  The Statement must be mailed to the Claims Administrator listed in Section 13 and be postmarked no later than [insert date].  You must include your name, address and telephone number in the Statement.  If you elect to opt out of the settlement, you cannot cash the enclosed check.

If you opt out, you will retain the right to bring your own legal action against Covelli based on the state claims that are covered by this Settlement, should you choose, assuming that the time period to sue has not expired.  You should be aware, however, that your claims are subject to a statute of limitations, which means that they will expire on a certain date.

If you do not affirmatively opt out, you will continue to be a Class Member, and that means that if the settlement is approved, you will release the state claims described below in Section 5, and you will be prohibited from bringing or participating in any other cases or arbitrations concerning those claims against Defendant or Releasees .  It also means that all of the Court's orders will apply to you and legally bind you.

## 7.  IF I EXCLUDE MYSELF, CAN I GET MONEY FROM THIS SETTLEMENT?

No.  If you exclude yourself, you cannot cash your settlement check.  If you do cash your settlement check, you will be releasing both the state and federal claims described in Section 5 below.

## 8.  WHAT IF I HAVE AN OBJECTION TO THE SETTLEMENT?

If you have not opted out of the settlement, you have the right to object to a portion of the class settlement with which you disapprove.  The Court will consider your views.  .  To object to the

settlement, you must send a letter to the Court by no later than [**Insert Date 60 Days from Mailing**].  Written objections must contain your name and address, must be signed by you, and must include reference to the matter of ***Kis/Romano v. Covelli Enterprises, Inc.***  If you opt out of the settlement, you cannot object to the settlement.  You may mail your objections to:

The Honorable James S. Gwin
Carl B. Stokes United States Court House
801 West Superior Avenue, Courtroom 18A
Cleveland, Ohio 44113-1838

An objector also has the right to appear in person at the Fairness Hearing (explained in Section 10 below), but is not required to do so in order to have their objections considered by the Court.  If you wish to appear at the Fairness Hearing, you must state your intention to do so in your letter to the Court.

## 9.  WHAT'S THE DIFFERENCE BETWEEN OPTING OUT AND OBJECTING?

Objecting is telling the Court that you do not like something about the settlement and are asking the Court not to approve the settlement.  You can object only if you remain a class member.

Opting out is telling the Court that you do not want to be a Class Member.  If you exclude yourself, you have no basis to object because the case no longer affects you.  If you submit both an objection and an exclusion request, the Claims Administrator will attempt to contact you to determine whether you intended to object or exclude yourself.

# THE FAIRNESS HEARING

## 10.  WHEN IS THE FAIRNESS HEARING?

A hearing before the Honorable James Gwin will be held on _____ at _____ am/pm at the U.S. District Court for the Norther District of Ohio (the "Fairness Hearing").  The Court is located at:

Carl B. Stokes United States Court House
801 West Superior Avenue, Courtroom 18A
Cleveland, Ohio 44113-1838

The purpose of this hearing will be for the Court to determine whether the Settlement is fair, adequate, and reasonable and if it should be approved by the Court.  The Court will take into account any objections filed in accordance with the procedures described above.

## 11.  DO I HAVE TO COME TO THE HEARING?

No.  Class Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As

long as you returned your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not required.

# THE LAWYERS REPRESENTING YOU

## 12.  DO I HAVE A LAWYER IN THIS CASE AND HOW WILL THEY BE PAID?

The Court has decided that the lawyers at Outten & Golden LLP, Shavitz Law Group, P.A., Wolf Haldenstein, Adler, Freeman & Herz LLP, Landskroner Grieco Merriman LLC, and Karon LLC are qualified to represent you and your fellow AMs.  In addition, by previously opting into the case, you agreed to have Class Counsel represent you for all purposes in the lawsuit, and to make decisions on your behalf concerning the litigation and any settlement.  You also acknowledged your understanding that, in the event of any settlement or judgment, Class Counsel would petition the court to award attorneys' fees for the greater of (1) their hourly rates multiplied by the number of hours expended on the lawsuit, or (2) one-third of the gross settlement.  Accordingly, Class Counsel will ask the Court to approve payment of one-third of the total settlement amount for attorneys' fees.  These fees will compensate Class Counsel for the time incurred in investigating the facts, litigating the case, and negotiating and finalizing the settlement.  Class Counsel will also ask the Court to approve payment for their out-of-pocket costs.  The costs of the Claims Administrator will also be paid from the settlement fund.

Class Counsel will also ask the Court to approve payments of $30,000 in total to the Plaintiffs and the plaintiffs in *Farrell*, in recognition of the risks they took, the scope of the release they executed, and their service to FLSA Collective Members and Class Members.

# FOR MORE INFORMATION

## 13.  ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

This Notice summarizes the proposed settlement.  More details are in the Settlement Agreement.  You are encouraged to read it.  To the extent there is any inconsistency between this Notice and the Settlement Agreement, the provisions in the Settlement Agreement control.  You may obtain a copy of the Settlement Agreement by sending a request, in writing, to:

[Claims Administrator]
Covelli AM Settlement
[insert address]
[insert phone number]]
[insert email]
[insert fax]

| 14. | WHAT IF I HAVE QUESTIONS? |
|-----|---------------------------|

This Notice does not contain all of the terms of the proposed settlement or all of the details of these proceedings. For more detailed information, you can contact the Claims Administrator or Class Counsel at:

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Deirdre A. Aaron
685 Third Ave., 25th floor
New York, New York 10017
T. (212) 245-1000
F. (646) 509-2060
E. PaneraCovelli@outtengolden.com

**OUTTEN & GOLDEN LLP**
Sally J. Abrahamson
Lucy Bansal
Hannah Cole-Chu
601 Massachusetts Ave NW, Suite 200W
Washington, DC 20001
T. (202) 847-4400
F. (202) 847-4410
E. PaneraCovelli@outtengolden.com

**SHAVITZ LAW GROUP, P.A.**
Gregg Shavitz
Logan A. Pardell
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
T. (561) 447-8888
E. gshavitz@shavitzlaw.com
E. lpardell@shavitzlaw.com

**SHAVITZ LAW GROUP, P.A.**
Michael Palitz
830 Third Avenue, 5th Floor
New York, New York 10022
T. (800) 616-4000
E. mpalitz@shavitzlaw.com

**LANDSKRONER GRIECO MERRIMAN LLC**
Drew Legando
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-9000
E. drew@lgmlegal.com

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Randall S. Newman
270 Madison Avenue, 10th Fl.
New York, NY 10016
T. (212) 545-4600
E. newman@whafh.com

**KARON LLC**
Daniel R. Karon
Beau D. Hollowell
700 W. St. Clair Ave., Suite 200
Cleveland, OH 44113
T. (216) 622-1851
E. dkaron@karonllc.com
E. bhollowell@karonllc.com

**Please do not call the Court.**

DATED:                  , 2019

CO\6165413.2

# Exhibit D

## CLASS MEMBER CLAIM FORM AND RELEASE

***Kis v. Covelli Enterprises Inc.*, Case No. 4:18 Civ. 00054**
***Romano v. Covelli Enterprises*, Case No. 4:18 Civ. 00434**

**TO SHARE IN THE SETTLEMENT, YOU <u>MUST</u> COMPLETE,
SIGN AND RETURN THIS CLAIM FORM.**

**THE CLAIM FORM MUST BE POSTMARKED BY NO LATER THAN [INSERT DATE], 2019**

**RETURN TO:**
[Claims Administrator]
Covelli AM Settlement
[insert address]
[insert email]
[insert fax]

Your Claim Number is _____.  Your PIN is _____.

The records of Covelli Enterprises, Inc. ("Covelli") indicate that you were employed by Covelli as an Assistant Manager ("AM") during the Covered Period, as defined in the Notice of Settlement.  The estimated Individual Settlement Amount you will receive if you timely submit this completed form is $ _____.

By signing and returning this form, you are claiming your Individual Settlement Amount indicated above and, if you worked as an AM for Covelli in the past 3 years, you are consenting to join the above-captioned settled lawsuit brought to recover wages under the Fair Labor Standards Act and state law.  The Court has already reviewed and preliminarily approved the terms of the settlement.

By signing and returning this form, you acknowledge that you are releasing your claims against Defendant as set forth in the Notice of Settlement and settlement agreement.  You agree to be bound by this settlement and not to sue or otherwise make a claim against any of the Releasees as to any of the claims released.

Date: _____          _____
                                   (Sign your name here)

                                   E-Mail: _____

                                   Phone Number: _____

---

## CORRECTIONS OR ADDITIONAL INFORMATION

Write any name and address corrections below if any is necessary **OR** if there is no preprinted data to the left, please provide your name and address here:

Name: _____(include any name(s) you used while employed at Covelli)

Address: _____

# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ERIN E. KIS, on behalf of herself and all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 4:18-cv-00054-JG |
| COVELLI ENTERPRISES, INC., | |
| Defendant. | |
| CHELSEA ROMANO, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 4:18-cv-00434-JG |
| COVELLI ENTERPRISES, INC., | |
| Defendant. | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, AND APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE PAYMENTS**

These matters came before the Court on Plaintiff's Motions for Final Approval of Class Action Settlement and Certification of the Settlement Class, for Approval of Attorneys' Fees and Reimbursement of Expenses, and for Approval of Enhancement Awards ("Final Approval Motions"). Defendant does not oppose the Final Approval Motions. The Court, having considered the Parties' Joint Stipulation of Settlement and Release ("Agreement"), the papers in support of the Final Approval Motions, the submissions and arguments of counsel during the Fairness Hearing, and all other materials properly before the Court, hereby finds and orders as follows:

- 1 -

1.      The Court grants final approval of the $4,625,000.00 settlement memorialized in the Agreement.  Capitalized terms used in this Order shall have the same meanings as set forth in the Agreement, unless otherwise defined herein.

2.      The Court finds that the Settlement was the product of protracted, arms-length negotiations between experienced counsel.  The Court grants final approval of the Settlement, including the releases and other terms, as fair, reasonable and adequate as to the Plaintiffs, Class Members, and Defendant.

3.      The Court finds that there were [XX] written objections to the Settlement.  Those objections are overruled.

4.      The Court finds that the procedures for notifying the Class Members about the Settlement, including the Notices, constituted the best notice practicable under the circumstances to all Class Members, and fully satisfied all necessary requirements of due process.  Based upon the evidence and other materials submitted to the Court, the Notices to Class Members provided adequate, due, sufficient, and valid notice of the Settlement.

5.      For settlement purposes only, the Court certifies the following settlement Class, as defined in the Settlement Agreement, pursuant to Federal Rule of  Civil Procedure 23(e) ("Class") and finds that it satisfies the applicable standard for certification under Federal Rule of Civil Procedure 23:

> a.      all persons employed by Defendant as Assistant Managers in Ohio anytime between January 9, 2016 and [the date the Joint Stipulation of Settlement and Release is executed], except any individual who timely submitted or submits a valid request for exclusion.

6.      The court finds that final approval of the Enhancement Awards in the amount of $12,500 each for Plaintiffs Erin Kis and Chelsea Romano, and $2,500 each for Plaintiffs Saidah

Farrell and Mariah Hall are appropriate in light of their service and assistance in the prosecution of these actions.

7.      Class Counsel's request for attorneys' fees and litigation costs and expenses in this action is approved.  Accordingly, Class Counsel are hereby awarded $1,541,666.66, or one-third of the Settlement Fund, in fees; and $XX for reimbursement of litigation and costs and expenses, which the Court finds were reasonably incurred in the prosecution of these matters. Class Counsel are well qualified, experienced, and have aggressively litigated these matters, thereby demonstrating their adequacy as counsel for the Class.  The Court finds that these amounts are justified by the work performed, risks taken, and the results achieved by Class Counsel.

8.      The Court approves the Claims Administrator's fees and costs of [no more than] $XX.

9.      The Claims Administrator will distribute the settlement funds to Qualified Class Members who submitted timely Claim Forms in accordance with the terms of the Agreement.

10.     The Parties are ordered to carry out the Settlement according to the terms of the Agreement.

11.     The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

12.     The Litigation is hereby dismissed with prejudice

13.     This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

It is so ORDERED this _____ day of _____, 2019.

_____

JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

# Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ERIN E. KIS, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>COVELLI ENTERPRISES, INC.,<br><br><br>                Defendant. | Case No. 4:18-cv-00054-JG |
| CHELSEA ROMANO, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>COVELLI ENTERPRISES, INC.,<br><br>                Defendant. | Case No. 4:18-cv-00434-JG |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF FLSA SETTLEMENT, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF THE PROPOSED NOTICES OF SETTLEMENT AND CLASS ACTION SETTLEMENT PROCEDURE**

The matter came before the Court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of the Settlement Class, Approval of FLSA Settlement, Appointment of Plaintiff's Counsel as Class Counsel, and Approval of the Proposed Notices of Settlement and Class Action Settlement Procedure ("Preliminary Approval Motion"). Defendant does not oppose this Motion.

     1.     Based upon the Court's review of Plaintiff's Memorandum of Law in Support of Plaintiff's Preliminary Approval Motion, and all other papers submitted in connection with

- 1 -

Plaintiff's Preliminary Approval Motion, the Court grants preliminary approval of the

$4,625,000.00 settlement memorialized in the Joint Stipulation of Settlement and Release

("Agreement").  Capitalized terms used in this Order shall have the same meanings as set forth in

the Agreement, unless otherwise defined herein.

## I.  CERTIFICATION OF THE SETTTLEMENT CLASS

2.  For settlement purposes only, the Court conditionally certifies the following

settlement Class, as defined in the Settlement Agreement, pursuant to Federal Rule of  Civil

Procedure 23(e) ("Class"):

> a.  all persons employed by Defendant as Assistant Managers in Ohio
> anytime between January 9, 2016 and [the date the Joint Stipulation of
> Settlement and Release is executed], except any individual who timely
> submitted or submits a valid request for exclusion.

3.  The Class meets all of the requirements for class certification under Federal Rules

of Civil Procedure 23(a) and (b)(3) for purposes of settlement only.

4.  The Class Period for Class Members shall be from January 9, 2016 through [the

date the Joint Stipulation of Settlement and Release is executed].

## II.  APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

5.  The Court finds that Named Plaintiff Erin Kis has claims typical of the Class

Members and is an adequate representative of the Class Members.  The Court appoints her to

serve as the class representative of the Class Members.

6.  Outten & Golden LLP, the Shavitz Law Group, P.A., Wolf Haldenstein, Adler,

Freeman & Herz LLP, Landskroner Grieco Merriman LLC, and Karon LLC have, separately and

collectively, extensive experience and expertise in prosecuting employment class and collective

action cases.  The Court appoints these firms as Class Counsel for the Class under Rule 23(g).

### III.    PRELIMINARY APPROVAL OF CLASS SETTLEMENT

7.    Based upon the Court's review of the Preliminary Approval Motion, the Court grants preliminary approval of the class settlement and all terms set forth in the Settlement Agreement and finds that the settlement is, in all respects, fair, adequate, reasonable, and binding on all members of the Class who have not timely and properly opted out pursuant to Section 2.5 of the Agreement.

8.    The Court concludes that the proposed Agreement is within the range of possible settlement approval, such that notice to the Class Members is appropriate.

9.    Having conducted an initial evaluation of the fairness of the proposed settlement on the basis of the Preliminary Approval Motion, the supporting declarations, and its attached documents, the Court finds that because the settlement is fair, reasonable, and adequate, and is not a product of fraud or collusion, preliminary approval should be granted.

10.    The Court finds that the Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution of complex employment class actions.

11.    The assistance of an experienced mediator reinforces that the Settlement Agreement is non-collusive.

### IV.    APPROVAL OF THE FORM AND MANNER OF DISTRIBUTING CLASS NOTICE AND CLAIM FORM

12.    The Court finds that the proposed Notices are the best notice practical under the circumstances and allows Class Members a full and fair opportunity to consider the proposed settlement.  The proposed plan for distributing the Notice and Claim Form likewise is a reasonable method calculated to reach all members of the Class who would be bound by the settlement.

13. The Notice fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this litigation, the Class, the identity of Class Counsel, and the essential terms of the Agreement, including class member relief; (2) appropriate information about Class Counsel's forthcoming application for attorneys' fees, the proposed Enhancement Awards and other payments that will be deducted from the Settlement Fund; (3) appropriate information about how to participate in the Settlement; (4) appropriate information about this Court's procedures for final approval of the Agreement, and about Class Members' right to appear through counsel if they desire; (5) appropriate information about how to challenge or opt-out of the settlement, if they wish to do so; and (6) appropriate instructions as to how to obtain additional information regarding this litigation or the Agreement.  The Notice will also provide specific information regarding the date, time, and place of the final approval hearing.  This information is adequate to put Class Members on notice of the proposed settlement and is well within the requirements of Rule 23(c)(2)(B).

14. The Court finds and concludes that the proposed plan for distributing the Notice and Claim Form will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements.

## V.    APPROVAL OF FLSA SETTLEMENT

15. The Court previously granted conditional certification of the collective, and denied decertification.  *See* ECF Nos. 41, 165.

16. The Court approves the Fair Labor Standards Act settlement.  The settlement is the product of contested litigation to resolve bona fide disputes.

17. The Court approves the Notices to be mailed to FLSA Collective Members, and the plan of distribution of settlement payments to FLSA Collective Members.

## VI.    PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

### A.    Final Approval Hearing

18.    The Court hereby schedules a hearing to determine whether to grant final certification of the Class for settlement purposes, and final approval of the class settlement (including the relief to Class Members, payment of attorneys' fees and costs, and Enhancement Payments) (the "Fairness Hearing") for [at least 115 days after the Court issues a Preliminary Approval Order] at _____ am/pm.

### B.    Deadline for Submitting Motion Seeking Final Approval

19.    No later than seven (7) calendar days before the Fairness Hearing, Plaintiff will submit a Motion for Judgment and Final Approval of the Settlement.  In conjunction with the Motion for Judgment and Final Approval, Plaintiff shall also petition for approval of Class Counsel's attorneys' fees and costs and the requested Enhancement Awards, consistent with terms of the Settlement Agreement.

* * * * *

20.    Accordingly, the Court hereby ORDERS as follows:

    a.    The form of the Notices and Claim Form is approved.  Non-material changes may be made as the Parties deem appropriate.

    b.    The manner for distributing the Notice and Claim Form is approved.

    c.    Within fourteen (14) calendar days following entry of this Order, Defendant will provide the Claims Administrator and Class Counsel with a list, in electronic form, of the names, last known addresses, telephone numbers, email addresses, and the Applicable Workweeks worked by all Class Members and FLSA Collective Members ("Notice List").

    d.    Within 14 calendar days of the Effective Date, Defendant shall deposit into the Qualified Settlement Fund ("QSF") Account the amount of Three Million Seven Hundred and Twenty-Five Thousand Dollars and 00/100 cents ($3,725,000.00), the portion of the Maximum Settlement Amount to be allocated to the settlement of the FLSA collective action claims of

FLSA Collective Members, Enhancement Payments, and attorneys' fees and costs associated with same, plus the anticipated amount of Defendant's share of payroll taxes attributable to same.

e.  Within 10 calendar days after receiving the Notice List, or as soon thereafter as practicable, the Claims Administrator shall send the applicable Notice to each Class Member and FLSA Collective Member, as well as the Claim Form to all Class Members, using each member's last known address as provided by Defendant and as updated by Class Counsel or the Claims Administrator. The Notices shall be sent by mail via First Class United States mail, postage prepaid, and electronic mail. FLSA Collective Members do not need to submit a claim form to receive their Individual Settlement Amounts via check. The Notices mailed to FLSA Collective Members shall also include a check in the amount of each FLSA Collective Member's Individual Settlement Amount.

f.  If any Notices are returned as undeliverable, the Claims Administrator shall forward them to any forwarding addresses provided by the U.S. Postal Service. If no such forwarding address is provided, or if the forwarding address(es) provided return undeliverable, Defendant shall provide social security numbers for the Class Members/FLSA Collective Members whose Notices are returned as undeliverable. The Claims Administrator shall perform skip traces using the Class Member/FLSA Collective Member's social security number to attempt to obtain the most recent addresses for these Class and FLSA Collective Members and re-mail Notice.

g.  Within 10 calendar days after the first mailing of Notice, the Claims Administrator shall notify Class Counsel and Defendant's Counsel of the precise date of the end of the Opt-Out Period and Claim Form Period.

h.  Within thirty (30) calendar days after the initial mailing of the Notices and Claim Forms, the Claims Administrator shall send one (1) reminder postcard to all Class Members who have not submitted a Claim Form or requested to be excluded from the settlement. The reminder postcard shall contain the language in the form attached to the Agreement as Exhibit G and shall be sent by mail, via First Class United States mail, postage prepaid, and electronic mail.

i.  The Claims Administrator shall notify Class Members who submit deficient claim forms ("Deficient Claimant(s)") of the deficiency within five (5) business days of receipt. Deficient Claimants will have fifteen (15) days or the remainder of time left in the Claim Form Period, whichever date is later, to cure said deficiencies. Deficiencies that are not cured within fifteen (15) days shall render the Deficient Claimant's claim waived.

j.    Each Class Member must submit his/her completed Claim Form to the Claims Administrator no later than the Claim Form Deadline in order to be eligible for his or her Individual Settlement Amount.  For Claim Forms submitted by mail, the postmark date of the Claim Form mailed by the Claims Administrator to the Class Member and the postmark date of the Claim Form mailed by the Class Member to the Class Administrator shall be deemed the exclusive means for determining whether a Class Member timely submitted his/her Claim Form.  In the event that there is no postmark date of the Claim Form being mailed by the Class Member to the Class Administrator, it shall be presumed that the Claim Form was mailed five (5) days prior the Claims Administrator's receipt of the Claim Form, excluding any Sunday or other day for which no postal service was provided.  Claim Forms may also be submitted by facsimile, electronic mail, or through the Claims Administrator's case-specific settlement administration website.

k.    The Settlement Administrator shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

l.    Class Members who wish to exclude themselves from the Class must submit Opt-Out Statements postmarked or otherwise received within sixty (60) days after the mailing of the Class Notice.

m.    Class Members who wish to present objections to the proposed Ohio state law class action settlement at the Fairness Hearing must first do so in writing.  To be considered, such statement must be filed with the Court and served upon all counsel of record by no later than sixty (60) days after the mailing of the Class Notice, which applies notwithstanding any argument regarding non-receipt of the notice.

It is so ORDERED this _____ day of _____, 2019.


_____
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE


CO\6165417.2

- 7 -

# Exhibit G

**COVELLI ASSISTANT MANAGER SETTLEMENT: REMINDER OF DEADLINE TO
SUBMIT CLAIM FORM BY [INSERT DATE 60 DAYS FROM INITIAL NOTICE
MAILING]**

On [mailing date] we sent you a Notice of Settlement of Class Action and a Claim Form for
*Kis/Romano v. Covelli Enterprises, Inc.*, Case Nos. 4:18 Civ. 0054 and 4:18 Civ. 00434.  Our
records show you have not submitted either a Claim Form or a request for exclusion.  **If you
wish to make a claim in this Settlement, you must submit your Claim Form so that it is
postmarked or received by no later than [Insert Date 60 Days from Initial Notice Mailing].**

If you have not received your Claim Form or have misplaced it, a copy may be obtained by
calling the Claims Administrator at [Claims Administrator Phone].  You must mail the Claim
Form to the Claims Administrator at:

[Claims Administrator Address]
[Claims Administrator Phone]
[Claims Administrator Email]
[Claims Administrator Fax]

You may also contact Class Counsel by contacting Outten & Golden LLP at (212) 245-1000, or
PaneraCovelli@outtengolden.com.